**STATE of Minnesota, Respondent,**

v.

**John Michael DICK, Appellant.**

**No. 46576.**

Supreme Court of Minnesota.

April 22, 1977.

Rehearing Denied May 23, 1977.

C. Paul Jones, Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, William B. Randall, County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of distributing marijuana in violation of Minn.St. 152.09, subd. 1(1), 152.02, subd. 2, and 152.15, subd. 1(2), and was sentenced by the trial court to a term of 5 years in prison, with execution stayed on condition that defendant spend 5 years on probation, the first 9 months of this in the workhouse. Issues raised by defendant on this appeal from judgment of conviction are (1) whether there was as a matter of law insufficient evidence that the substance defendant distributed was marijuana, (2) whether the trial court did not adequately inform the jury that it had to decide whether the substance in question was marijuana, (3) whether the trial court erred in admitting statements defendant made to an undercover policeman during the transaction without requiring a *Rasmussen* hearing, (4) whether parts of the statements improperly tended to show the commission of other drug offenses by defendant, and (5) whether the statute under which defendant was convicted violated Minn.Const., art. 4, § 17, which prohibits laws embracing more than one subject. We affirm.

The key jury issue at defendant's trial was whether the substance defendant sold to the undercover policeman was in fact marijuana. The criminalist who examined the substance for the state testified that the substance was marijuana, saying

that he based his opinion on the results of a microscopic examination of the leaves and application of the modified Duquenois or Duquenois-Levine test. Specifically, he testified that he knew of no plant which looked like marijuana under a microscope that would also give a positive reading on the modified Duquenois test, as this substance had done.[1] Defendant's expert expressed the opinion that in order to positively identify the substance as marijuana other testing was necessary, but he acknowledged that he had not tested the substance himself and had no idea whether it was marijuana. On this evidence we believe the jury was justified in concluding that the substance in question was marijuana.

■ Somewhat troubling is the issue of the adequacy of the trial court's instructions on the elements of the crime which the state had to prove. Specifically, the court instructed the jury as follows:

"The specific crime charged in the Information here is distribution of marijuana. The statutes of Minnesota provide that whoever distributes marijuana is guilty of a crime. The elements of the crime in this case are: First, that the defendant must have distributed marijuana to Albert Singer. Marijuana is defined as cannabis sativa L., as I told you earlier. The second element, the defendant must have known or believed that the substance he was distributing was marijuana, and third, the last element, defendant's act must have taken place on June 19, 1975, in Ramsey County, Minnesota. If you find that each of these three elements has been proved beyond a reasonable doubt, defendant is guilty of the crime of distribution of marijuana. If you find that any of these elements have not been proven beyond a reasonable doubt, then the defendant is not guilty. Now, the term 'distribute'

means to deliver, and deliver is defined as meaning the actual constructive or attempted transfer of a controlled substance."

We believe that it would have been better if the court had more clearly informed the jury that it had to find that the substance was marijuana before it could convict defendant, but in view of the way the case was tried and argued to the jury by both sides, we believe that this instruction was sufficient to apprise the jury that it had to decide the issue.

■ The statements, the admission of which defendant challenges, were statements defendant made to the undercover officer during the marijuana transaction. Defendant's contention that a *Rasmussen* hearing was required before the statements were admitted has no merit because it was clear that the statements were not the type of statements covered by the constitutional exclusionary rule relating to illegally obtained evidence. *State v. Sharich,* 297 Minn. 19, 209 N.W.2d 907 (1973). We do not find persuasive defendant's contention that part of the statement should have been excluded as tending to show prior criminal activity because, defendant did not properly raise the issue below nor object to its admissibility. It was therefore waived.

■ Finally, we reject defendant's contention that Minn.St. c. 152 violates Minn. Const., art. 4, § 17, which provides that: "No law shall embrace more than one subject, which shall be expressed in its title."

Affirmed.

---

1. In addition to the criminalist's testimony, the state also introduced testimony of the undercover policeman that when lit, the substance gave off an odor which he concluded was the odor of burning marijuana. The jury was also aware that defendant had represented the substance to be marijuana.