STATE of Minnesota, Respondent,

v.

Michael Rende ARNDT, Appellant.

No. 47372.

Supreme Court of Minnesota.

March 10, 1978.

C. Paul Jones, Public Defender, Robert Oliphant, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, John O. Sonsteng, County Atty., Thomas F. Van Horn, Asst. County Atty., Hastings, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of aggravated robbery, Minn.St. 609.245, and was sentenced by the trial court to a maximum term of 20 years in prison, the sentence to run consecutively to a prior 20-year sentence defendant was already serving. On this appeal from judgment of conviction, defendant contends (1) that there was as a matter of law insufficient evidence identifying him as the robber, (2) that the trial court erred in permitting the state to introduce during its case-in-chief evidence of another aggravated robbery committed by defendant, and (3) that the prosecutor committed prejudicial misconduct in his closing argument. We affirm.

1. There is no merit to the contention that the evidence was insufficient to justify the verdict. The evidence of defendant's guilt included positive identification testimony by the victim of the robbery, evidence that the victim also positively identified defendant from a lineup, and strong evidence that 8 days after the crime in question defendant committed another robbery of a similar establishment in the same area in an almost identical manner.

2. The only issue on appeal relating to the admission of the other-crime evidence is whether the trial court should have suppressed it because the prosecutor did not give defense counsel notice before trial of its intent to introduce the evidence. In speaking of advance notice, defendant is not referring to the so-called Spreigl notice, which has been codified in Rule 7.02, Rules of Criminal Procedure, because that rule specifically provides that "[t]he notice need not include offenses for which [defendant] has been previously prosecuted  *  *  *." In this case, defendant had been previously prosecuted and convicted of the later robbery. Rather, defendant contends that even if, as here, the prosecutor is not required by Rule 7.02 to give advance notice of its intent to introduce the other-crime evidence, the prosecutor still must give such notice if the defense requests discovery pursuant to the broad discovery provisions of Rule 9.

Defendant contends that the trial court abused its discretion in refusing to suppress the evidence. The response of the state seems to be that the state never needs to give advance notice of intent to introduce evidence of a prior crime for which defendant has been prosecuted, even when the defense requests discovery pursuant to Rule 9, and that in any event the trial court did not abuse its discretion in refusing to suppress the other-crime evidence in this case.

We agree with defendant that notwithstanding the exception in Rule 7.02 for previously prosecuted other crimes, the prosecutor still must give advance notice of its intent to introduce such evidence if the defendant requests discovery pursuant to Rule 9. It is true that normally one can presume that the defense will not be surprised at trial if the state offers evidence of a relevant crime for which the defendant has already been prosecuted. Indeed, this is the rationale for the exception to the requirement of notice found in Rule 7.02. However, the purpose of Rule 9 is "to give the defendant and prosecution as complete

discovery as is possible under constitutional limitations." Comment to Rule 9. Accordingly, even when the prosecutor is not required by Rule 7.02 to give advance notice of intent to introduce other-crime evidence, he nonetheless must give such notice in those cases in which the defendant requests discovery under Rule 9.

Although we agree with defendant that the state should have given notice of its intent to introduce the other-crime evidence, we do not believe, as defendant contends, that the trial court abused its discretion in refusing to suppress the evidence. Defense counsel did not raise the matter of the prosecution's failure to comply with Rule 9 until most of the other-crime evidence had already been introduced. Further, defendant did not demonstrate to the trial court that he was prejudiced by the lack of formal notice.[1] Under all the circumstances, we conclude that the trial court did not abuse its discretion in refusing to suppress the evidence.

3. Defendant's final contention relates to the propriety of certain statements made by the prosecutor in his closing argument. Specifically, he contends that the prosecutor impermissibly (a) argued that the defense of alibi was easy to claim but hard to disprove, (b) referred to the alibi in evidence as "nonsense," (c) disparaged defendant's character and expressed his opinion of defendant's guilt, and (d) misrepresented the nature of the presumption of innocence. We agree with defendant that the prosecutor's argument fell far short of being a model closing argument, but defense counsel did not object to any of the allegedly improper statements and we do not believe it likely that any of the statements played a significant role in influencing the jury to reach the verdict.

Affirmed.

---

1. The trial court found there was no need for a full evidentiary hearing on the legality of the seizure of the items from defendant with respect to this other crime because there had been such a hearing prior to trial in the prosecution of defendant for the other crime.