UNITED STATES, Appellant,

v.

Anthony R. TYLER, Appellee.

No. 10113.

District of Columbia Court of Appeals.

Argued En Banc Jan. 23, 1978.

Decided Sept. 22, 1978.

---

Michael W. Farrell, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Thomas J. Tourish, Jr., Asst. U. S. Attys., Washington, D. C., were on the brief, for appellant.

Paul C. Besozzi and Patrick J. Grant, Washington, D. C., appointed by this court, for appellee.

Before NEWMAN, Chief Judge, and KELLY, KERN, GALLAGHER, NEBEKER, YEAGLEY, HARRIS, MACK and FERREN, Associate Judges.

KERN, Associate Judge:

A division of this court, one judge dissenting, permitted the government to appeal in this case from the trial court's directed verdict of not guilty by reason of insanity entered after (1) all the evidence had been presented to the jury,[1] and (2) appellee had acknowledged to the court for the purpose of his motion for the directed verdict that he had taken and used anoth-

er's auto without the owner's permission—the crimes with which he had been charged. *United States v. Tyler*, D.C.App., 376 A.2d 798 (1977). The division, concluding the court should not have taken the insanity issue from the jury, held "it was reversible error for the trial judge to direct a verdict of not guilty by reason of insanity." *Id.* at 807. Accordingly, the division ordered the case "remanded for submission of the sanity issue to the jury"—a jury, of course, different from the one that had been impanelled and heard all the evidence before the court directed a not guilty verdict.

The division rejected the argument by appellee that such a retrial, which the government had sought on appeal, would run afoul of the constitutional prohibition against double jeopardy, reasoning that *only* the issue of insanity would be resubmitted to another jury and "no new trial will be required on the issue of guilt or innocence for the plea [made by appellee for the purpose of his motion] stands." The division pointed out that "[n]either the Supreme Court nor our court has ever directly held that a verdict of not guilty by reason of insanity is or is not the fundamental equivalent of an acquittal on the merits." *United States v. Tyler, supra* at 802 n.5. This court, en banc, vacated the division's opinion and judgment and heard the case reargued.

The Supreme Court has now decided a cluster of cases in which the scope of the double jeopardy clause was at issue. One such case, *Burks v. United States*, —— U.S. ——, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), posited a double jeopardy issue on facts similar to those in the instant case. Chief Justice Burger, speaking for a unanimous Court, first recounted the basic circumstances and issue presented there:

> Petitioner Burks was tried in the United States District Court for the crime of robbing a federally insured bank by use of a dangerous weapon, a violation of 18 U.S.C. § 2113(d). Burks' principle defense was insanity. To prove this claim

1. The defense presented three expert witnesses in support of its defense of insanity; the prosecution relied solely on cross-examination of these witnesses.

petitioner produced three expert witnesses who testified, albeit with differing diagnoses of his mental condition, that he suffered from a mental illness at the time of the robbery, which rendered him substantially incapable of conforming his conduct to the requirements of law. . .

Before the case was submitted to the jury, the court denied a motion for a judgment of acquittal. The jury found Burks guilty as charged. . . .

*On appeal petitioner narrowed the issues by admitting the affirmative factual elements of the charge against him,* leaving only his claim concerning criminal responsibility to be resolved. With respect to this point, the Court of Appeals agreed with petitioner's claim that the evidence was insufficient to support the verdict and reversed his conviction. The court began by noting that "the government has the burden of proving sanity [beyond a reasonable doubt] once a *prima facie* defense of insanity has been raised." Petitioner had met his obligation, the court indicated, by presenting "the specific testimony of three experts with unchallenged credentials." But the reviewing court went on to hold that the United States had not fulfilled its burden since the prosecution's evidence with respect to Burks' mental condition, even when reviewed in the light most favorable to the Government, did not "effectively rebut" petitioner's proof with respect to insanity and criminal responsibility. . . .

At this point, the Court of Appeals, rather than terminating the case against petitioner, remanded to the District Court "for a determination of whether a directed verdict of acquittal should be entered or a new trial ordered."

\* \* \* \* \* \*

[W]e are squarely presented with the question of whether a defendant may be tried a second time when a reviewing court has determined that in a prior trial the evidence was insufficient to sustain the verdict of the jury. [*Id.* at 2143–44 (footnote omitted; emphasis added).]

The Chief Justice then declared in his opinion for the Court:

It is unquestionably true that the Court of Appeals' decision "represente[d] a resolution, correct or not, of some or all of the factual elements of the offense charged." *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 97 S.Ct. 1349, 1355, 51 L.Ed.2d 642 (1977). By deciding that the government had failed to come forward with sufficient proof of petitioner's capacity to be responsible for criminal acts, that court was clearly saying that Burks' criminal culpability had not been established. If the District Court had so held in the first instance, as the reviewing court said it should have done, a judgment of acquittal would have been entered and, of course, petitioner could not be retried for the same offense. *See Fong Foo v. United States,* 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962); *Kepner v. United States,* 195 U.S. 100, 24 S.Ct. 797, 49 L.Ed. 114 (1904). . . .

The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding. This is central to the objective of the prohibition against successive trials. The Clause does not allow "the State . . . to make repeated attempts to convict an individual for an alleged offense," since "the constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." *Green v. United States,* 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957); *see Serfass v. United States,* 420 U.S. 377, 387–88, 95 S.Ct. 1055, 1061–1062, 43 L.Ed.2d 265 (1975); *United States v. Jorn,* 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971). [*Id.* at 2147.]

The Court concluded that a judgment of acquittal must be entered.

In a companion case, *United States v. Scott,* —— U.S. ——, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), the Court, in an opinion

by Mr. Justice Rehnquist, describing its holding in *Burks*:

Our opinion in *Burks* necessarily holds that there had been a "failure of proof," 98 S.Ct., at 2149, requiring an acquittal when the Government does not submit sufficient evidence to rebut a defendant's essentially factual defense of insanity, though it may otherwise be entitled to have its case submitted to the jury. The defense of insanity, like the defense of entrapment, arises from "the notion that Congress could not have intended criminal punishment for a defendant who has committed all the elements of a proscribed offense," *United States v. Russell*, 411 U.S. 423, 435, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), where other facts established to the satisfaction of the trier of fact provide a legally adequate justification for otherwise criminal acts. Such a factual finding *does* "necessarily establish the criminal defendant's lack of criminal culpability," post, at 2201 (BRENNAN, J., dissenting), under the existing law; the fact that "the acquittal may result from erroneous evidentiary rulings or erroneous interpretations of governing legal principles," *ibid.*, affects the accuracy of that determination, but it does not alter its essential character. [*Id.* at 2197.]

The Court further stated in *Scott*:

A judgment of acquittal, whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, may not be appealed and terminates the prosecution when a second trial would be necessitated by a reversal. . . . As *Kepner* [*supra*] and *Fong Foo* [*supra*] illustrate, the law attaches particular significance to an acquittal. To permit a second trial after an acquittal, however mistaken the acquittal may have been, would present an unacceptably high risk that the Government, with its vastly superior resources, might wear down the defendant so that "even though innocent, he may be found guilty." *Green v. United States, supra* 355 U.S. at 188, 78 S.Ct. 221. [*Id.* at 2193–94 (footnote omitted).]

Turning to the instant appeal, the trial court was of opinion after both defense and prosecution had rested their cases that the evidence of appellee's insanity at the time of the crimes was so great that it was obliged to direct a verdict of not guilty by reason of insanity rather than allow the case to go to the jury. In short, "the evidence is insufficient to convict," as the Supreme Court said in *Scott*, "[and therefore] may not be appealed and terminates the prosecution."

The government in its Response to Appellee's Supplemental Memorandum urges that the situation here is unlike that in *Burks*, where the burden was on the prosecution to make out a case on the insanity issue sufficient to go to the jury; rather, in the instant case, the government argues (Response at 5) "the power of the court to validly take the issue from the jury vanishes altogether" since "the presumption [of sanity] coupled with the defendant's burden of proving his insanity . . . eliminates any justification for the trial judge's removing the issue of insanity from the jury." The division recognized in this case that "[n]ow that the burden is on the defense [to prove insanity by a preponderance of evidence], only in exceptional circumstances should a court take the case from the jury by directing a verdict of insanity." However, the division did not then, and we do not now, rule out *altogether* the authority of the trial court to direct a verdict of not guilty by reason of insanity after all the evidence has been presented and before the jury takes the case. Thus, even if the court erred in the instant case by taking the case away from the jury, such error does not render the double jeopardy clause inoperable.

As the Supreme Court reminded us in *Sanabria v. United States*, —— U.S. ——, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978):

That " '[a] verdict of acquittal . . . [may] not be reviewed . . . without putting [the defendant] twice in jeopardy, and thereby violating the Constitution,' " has recently been described as "the most fundamental rule in the history

of double jeopardy jurisprudence." *United States v. Martin Linen Supply Co.*, [*supra* 430 U.S. at 571, 97 S.Ct. 1349], *quoting United States v. Ball*, 163 U.S. 662, 671, 16 S.Ct. 1192, 41 L.Ed. 300 (1896). The fundamental nature of this rule is manifested by its explicit extension to situations where an acquittal is "based upon an egregiously erroneous foundation." *Fong Foo v. United States*, [*supra*, 369 U.S. at 143, 82 S.Ct. 671]; *see Green v. United States*, [*supra* 355 U.S. at 188, 78 S.Ct. 221]. In *Fong Foo* the Court of Appeals held that the District Court had erred in various rulings and lacked power to direct a verdict of acquittal before the Government rested its case. We accepted the Court of Appeals' holding that the District Court had erred, but nevertheless found that the Double Jeopardy Clause was "violated when the Court of Appeals set aside the judgment of acquittal and directed that petitioners be tried again for the same offense." *Ibid.* Thus when a defendant has been acquitted at trial he may not be retried on the same offense, even if the legal rulings underlying the acquittal were erroneous. [*Id.* at 2178–79.]

Applying the teaching of the Supreme Court in the recent cases cited herein to the particular circumstances of the case now before us, we are required to recognize the double jeopardy bar and dismiss the government's appeal.

*So ordered.*

NEBEKER, Associate Judge, with whom Associate Judges GALLAGHER and HARRIS join, concurring:

In my view the majority does not adequately respond to the government's argument that the statutory placement of the burden of proof to the accused to prove non-responsibility distinguishes *Burks v. United States*, —— U.S. ——, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). The government argues that the directed verdict of not guilty by reason of insanity "was like that which was held not to bar retrial in [*United States v. Scott*, —— U.S. ——, 98 S.Ct. 2187, 57

L.Ed.2d 65 (1978)] in that it was not based 'on the trial court's conclusion that the Government had not produced sufficient evidence to establish the guilt of the defendant.'" Supp.Mem. at 2, *quoting United States v. Scott, supra* at 2195. The government likens this case to *Scott*, where the accused sought to avoid conviction not because of deficient proof but because of a legal claim pretermitting guilt. It says that there has been no evaluation of proof and a determination that it was insufficient.

It seems to me that this argument must fail since *Burks* decided that a determination that the accused was not guilty by reason of insanity has the legal effect of holding that the evidence was insufficient to sustain a verdict of guilty. While there is much to be said for the notion that an "insanity acquittal" is in reality a verdict of "guilty but not responsible," that concept seems to be limited in applicability to jury deliberations, where insanity is not considered until all elements of the offense are proved. In *Burks* it is clear that for double jeopardy purposes an insanity acquittal has the same effect as "a resolution, correct or not, of some or all of the factual elements of the offense charged. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977)." *Burks v. United States, supra* 98 S.Ct. at 2147.

Moreover the double jeopardy bar applies not only to the government's burden of convincing the fact-finder to convict but also to its burden of getting its case to the fact-finder in the first instance. If the trial court erroneously excludes vital government evidence, with the result that a judgment of acquittal is or should be granted, retrial is barred. *Sanabria v. United States*, —— U.S. ——, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978). Such exclusion and resultant acquittal is not a failure of proof but a failure to persuade the trial court to put the factual issue to the fact-finder. In the instant case the government was not successful in its effort to have the factual issue of insanity submitted to the jury.

The trial judge, in effect, ruled that reasonable men could not differ about Tyler's insanity. That action, erroneous or not, had the same evidentiary effect as the exclusion in *Sanabria*—the issue was no longer one for the jury. The distinction between the federal insanity burden and ours is a jury-related distinction—*i. e.*, who bears the ultimate burden of persuasion once the defense is broached. Yet this distinction doesn't affect what must be the government's burden in every case—convincing the trial judge to send evidence to the jury for resolution. Failure in that burden bars retrial.