**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Bernard John HINDERMAN,**
**Defendant-Appellant.**

No. 79–1342.

United States Court of Appeals,
Tenth Circuit.

Submitted Dec. 12, 1979.

Decided July 15, 1980.

Bernard John Hinderman, pro se.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Robert E. Lindsay, and Francis J. Gould, Attys., Tax Div., Dept. of Justice, Washington, D. C. (Hubert H. Bryant, U. S. Atty., Tulsa, Okl., of counsel), for plaintiff-appellee.

Before DOYLE, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir. R. 10(e). This cause is therefore ordered submitted without oral argument.

Bernard John Hinderman appeals from his conviction for willfully supplying false information to his employer on a withholding exemption certificate in violation of I.R.C. § 7205, 26 U.S.C. § 7205. Proceeding on appeal pro se as he did at trial, Hinderman makes various assertions that we think fall into three categories: (1) the evidence was not sufficient to sustain the conviction, (2) the trial court erred in not granting his motion for judgment of acquittal after the prosecution rested its case-in-chief, and (3) he is a victim of selective prosecution. We affirm.

In brief, the evidence adduced at trial showed that on or about March 13, 1976, Hinderman supplied to his employer a withholding exemption certificate form W–4E in which he certified that he "incurred no liability for Federal income tax for 1975 . . . ." Expert testimony showed this statement to be false; defendant incurred a tax liability of at least $427.01 for that year. The trial court held the government proved beyond reasonable doubt that appellant knowingly, voluntarily and intentionally supplied his employer the false information with knowledge that he had incurred a tax liability for 1975.

I

Hinderman makes two arguments in support of his claim that the evidence supporting his conviction is insufficient. First, he contends the government failed to show defendant's statement on the withholding certificate was false, *i. e.* that he had incurred a tax liability for the 1975 tax year, because the government admitted owing him a refund for overwithholding. The argument is specious. *See* Treas.Reg. § 31.-3402(n)–1 ex. 2 (1980).

Second, defendant contends the government failed to show he had a bad purpose or wrongful intent in supplying the false information to his employer. This argument is also without merit. It is well-settled that to prove a violation of I.R.C. § 7205 the government is not required to show bad purpose or evil intent. *See, e. g., United States v. Malinowski,* 472 F.2d 850 (3d Cir.), *cert. denied,* 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973). Section 7205 proscribes "willfully" supplying false infor-

mation. Willfulness means "a voluntary, intentional violation of a known legal duty." *United States v. Pomponio*, 429 U.S. 10, 12, 97 S.Ct. 22, 24, 50 L.Ed.2d 12 (1976). *See United States v. Hudler*, 605 F.2d 488 (10th Cir. 1979), *cert. denied,* —— U.S. ——, 100 S.Ct. 1647, 64 L.Ed.2d 236 (1980). The evidence here more than adequately justified the trial court's conclusions that defendant voluntarily and intentionally certified he had no tax liability for 1975, that he knew this was false and that he knew he had a legal duty to supply true information.

## II

Hinderman next contends the trial court's failure to grant his motion for judgment of acquittal in the circumstances present was error. We disagree.

After the government rested its case-in-chief, defendant moved for judgment of acquittal as is permitted by Fed.R.Crim.P. 29(a). Before ruling on the motion, the court expressed concern that the government's proof of venue was deficient. The court then allowed the prosecution to reopen its case to supply the relevant evidence—given by a witness the prosecution had used in its case-in-chief—following which the court denied Hinderman's motion.

Fed.R.Crim.P. 29(a) provides in relevant part that "[t]he court on motion of a defendant . . . shall order the entry of judgment of acquittal . . . after the evidence on either side is closed if the evidence is insufficient to sustain a conviction" of the offense charged. The question here is whether the trial court, by allowing the prosecution to supply necessary evidence after having once rested, impermissibly circumvented Rule 29(a).

■ Ordinarily, the trial court is vested with wide discretion to permit the reopening of either party's case. *United States v. Keine*, 424 F.2d 39, 40–41 (10th Cir. 1970). We hold that the rule is no different in the specific context presented here. Rule 29(a), as it concerns a motion for acquittal at the close of the prosecution's case, implements the "requirement that the prosecution must establish a prima facie case by its own evidence before the defendant may be put to his defense." *Cephus v. United States*, 324 F.2d 893, 895 (D.C.Cir.1963). Thus, the government's case-in-chief should not be treated as an experiment that can be cured after the defendant has, by motion, identified the failures. But the trial court must be vested with discretion to permit reopening when mere inadvertence or some other compelling circumstance, such as that involved in this case, justifies a reopening and no substantial prejudice will occur. If the court in the exercise of cautious discretion allows the prosecution to reopen its case before the defendant begins its defense, that reopening does not violate either the rules of criminal procedure or the defendant's right not to be put twice in jeopardy. *Accord, United States v. Sisack*, 527 F.2d 917, 919–20 (9th Cir. 1975). *See United States v. Batie*, 457 F.2d 927 (5th Cir. 1972). Here the prosecution's failure to adequately prove venue was clearly inadvertent, and defendant suffered no prejudice or surprise. We therefore conclude that the trial court did not err.

## III

■ Finally, Hinderman contends he was singled out for prosecution because of his religious beliefs. He makes bold assertions in his brief on appeal, but the record is devoid of evidence supporting this claim. Since it is his burden to prove at least a prima facie case of selective enforcement based on impermissible grounds, *see, e. g., United States v. Scott*, 521 F.2d 1188, 1195 (9th Cir. 1975), *cert. denied,* 424 U.S. 955, 96 S.Ct. 1431, 47 L.Ed.2d 361 (1976), his argument fails.

AFFIRMED.