**In the Matter of E.R.E., Appellant.**

**No. 85–1737.**

District of Columbia Court of Appeals.

Argued Feb. 12, 1987.

Decided April 3, 1987.

David Jonathan Sitomer, Washington, D.C., for appellant.

Charlotte Brookins-Pruitt, Asst. Corp. Counsel, with whom James R. Murphy, Acting Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before NEWMAN, ROGERS and STEADMAN, Associate Judges.

STEADMAN, Associate Judge:

Appellant, E.R.E., challenges his adjudication of delinquency on a charge of armed robbery. He bases his appeal on the asserted error of the trial court in permitting the government to reopen its case and present additional evidence regarding the date of the crime. Finding that the trial court's decision did not violate appellant's rights under the double jeopardy clause of the United States Constitution and that the court properly exercised its discretion in reopening the government's case, we affirm.

I

During presentation of the government's case-in-chief, all witnesses testified to January 6, 1985, as the date of the robbery. In fact, the crime had taken place on February 6, 1985, the date charged in the petition. At the close of the government's case, appellant did not present any evidence but moved for a judgment of acquittal based on the incorrect date. The prose-

should pay for it resulted in some delay in construction.

cution then asked the trial court to reopen the case for the limited purpose of clarifying the date of the robbery.

Over the objection of appellant, the trial court allowed the government to reopen its case on the grounds that it would not cause appellant undue surprise nor prejudice, nor would it violate appellant's rights under the double jeopardy clause of the Constitution. The government recalled the complainant and two police officers who had completed paperwork on the robbery to testify to February 6, 1985, as the correct date of the crime. The trial court then found appellant guilty as charged.

## II

■ The focus of appellant's argument is that in allowing the government to reopen its case after a defense motion for judgment of acquittal, the trial court violated appellant's constitutional right against being twice placed in jeopardy for the same offense. Appellant argues that he had actually earned an acquittal because the government's case-in-chief, by not proving the correct date of the offense, did not present sufficient evidence to support a conviction of the crime charged in the petition. His position is that even where a court has not formally entered an acquittal, that court is constitutionally prohibited from reopening a case to admit additional evidence.

The Fifth Amendment of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." In *United States v. Wilson,* the Supreme Court stated that, among other things, "the Double Jeopardy Clause ... protects against a second prosecution for the same offense after acquittal." 420 U.S. 332, 343, 95 S.Ct. 1013, 1021, 43 L.Ed.2d 232 (1975), quoting *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). The threshold issue before us is whether the trial court's action nullifies the protection provided to appellant by the double jeopardy clause.

Appellant invokes the general principle that once a defendant has been granted an acquittal, a new trial may not be held on the same charge. *Fong Foo v. United States,* 369 U.S. 141, 143, 82 S.Ct. 671, 672, 7 L.Ed.2d 629 (1962); *United States v. Tyler,* 392 A.2d 511, 513–15 (D.C.1978) (en banc). These cases, however, are distinguishable. In *Fong Foo,* the trial court had erroneously directed the jury to return verdicts of acquittal and formal judgments of acquittal were entered. In *Tyler,* the trial court had erroneously directed a verdict of not guilty by reason of insanity. Thus, in both cases, a verdict or judgment had actually been entered.

Nor is this case like *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), in which the Supreme Court held that no new trial may be held when a reviewing court has determined that in a prior trial the evidence was insufficient to sustain the jury's guilty verdict. There, too, a definitive judgment had been entered at trial.

Here we are dealing with a claim of double jeopardy mid-trial, before any verdict or judgment had been entered. The Supreme Court recently indicated the importance of a ruling on guilt or innocence in its holding that "[t]he protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." *Richardson v. United States,* 468 U.S. 317, 325, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242 (1984). In that case, the Court held that a defendant who was to be retried after a mistrial attributable to a hung jury could not claim double jeopardy based on insufficiency of the evidence at the first trial. *See also Wright v. United States,* 513 A.2d 804, 807 (D.C.), *cert. denied,* —— U.S. ——, 107 S.Ct. 406, 93 L.Ed.2d 359 (1986) ("in legal effect for double jeopardy purposes, the second trial is merely a continuation of the first trial"). In an earlier case, the Supreme Court also had held that a defendant is acquitted only if "the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged." *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 97 S.Ct. 1349, 1355, 51 L.Ed.2d 642 (1977).

In the case before us, the trial court made no such judgment of acquittal. Rath-

er, it chose to allow additional testimony regarding the correct date of the robbery. Consequently, applying the principle discussed above, we find no violation of the double jeopardy clause. *Accord, United States v. Hinderman,* 625 F.2d 994, 996 (10th Cir.1980) (if the court allows prosecution to reopen its case before the defense begins, "reopening does not violate either the rules of criminal procedure or the defendant's right not to be put twice in jeopardy"); *Wright v. United States, supra* (following second trial, defendant may not challenge sufficiency of evidence at first trial which ended in a hung jury); *cf. Lindsay v. United States,* 520 A.2d 1059 (D.C. 1987) (vacating erroneous order resulting in set-aside of defendant's conviction does not violate double jeopardy clause).

### III

■ Having resolved appellant's constitutional claim, we turn to the trial court's decision to reopen the government's case. We expressly recognized such trial court power in *Ruth v. United States,* 438 A.2d 1256, 1257 n. 2 (D.C.1981), where we upheld the trial court's decision to permit the government to reopen its prosecution of a defendant for a number of offenses, including carrying a pistol without a license, to present evidence that the defendant did not possess a license to carry a pistol. *See*

*also Morgan v. United States,* 111 U.S. App.D.C. 127, 129, 294 F.2d 911, 913 (1961), *cert. denied,* 368 U.S. 978, 82 S.Ct. 482, 7 L.Ed.2d 439 (1962) (permitting prosecution to reopen its case is "undoubtedly within the discretion of the trial court").[1]

■ With respect to review of possible abuse of discretion by the trial court, in *Ruth* we cited to *United States v. Powers,* 572 F.2d 146 (8th Cir.1978). That case notes three relevant factors: whether the evidence caused surprise to the defendant, whether the defendant was given adequate opportunity to meet the proof, and whether the evidence was more detrimental to the defendant because of the order in which it was introduced. *Id.* at 152–53 n. 6.[2] Applying the *Powers* factors to this case, we conclude that appellant was not prejudiced by the trial court's actions. Appellant makes no showing of surprise, a lack of opportunity to defend caused by the alleged impropriety, or any prejudice from the order in which the evidence was adduced. Since we find no error, the judgment of the trial court is

*Affirmed.*

---

1. Appellant contends that the language of Super. Ct.Juv.R. 29 and R. 33 prohibits the government from reopening its case-in-chief once it has rested. Appellant cites language from Rule 29 which states that the trial judge "shall order the entry of a judgment of acquittal of 1 or more offenses charged in the petition after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." Appellant contends that when the government rested after having put on evidence as to the wrong date, the trial court, bound by the use of "shall" in the rule, had no choice but to enter an acquittal. We decline to read this rule in this way. Its language is a close adaptation of Super.Ct.Crim.R. 29 and its federal counterpart, both of which have been in effect for a number of years and during which the cited cases have found trial court discretion to reopen.

The appellant also contends that under Rule 33, only a respondent may submit new evidence in a trial once the government has rested it case. Rule 33, however, relates to the granting of a new factfinding hearing, the juvenile equivalent

to a motion for a new trial. Super.Ct.Crim.R. 33. This rule (as the criminal rule) is not relevant to the issue of reopening the case-in-chief after the government has rested.

2. Although not factually similar to the case before us, *United States v. Robinson,* 698 F.2d 448 (D.C.Cir.1983), also affirms the discretion of a trial court to determine when a trial may be reopened. The majority noted that such discretion can only be limited by an appellate court's later finding that a defendant's rights were prejudiced in some way. *Id.* at 456.

In other jurisdictions, the most commonly cited standards for a trial court to apply in determining whether to allow a case to be reopened are ensuring that the defendant did not suffer prejudice, *United States v. Hinderman, supra,* 625 F.2d at 996; *Robinson, supra,* 698 F.2d at 456; that the defendant was given adequate opportunity to meet any new evidence, *United States v. Duran,* 411 F.2d 275, 277 (5th Cir.1969); *Powers, supra,* 572 F.2d at 152 n. 6; or that the defendant did not suffer surprise, *Hinderman, supra,* 625 F.2d at 996.