STATE of Minnesota, Respondent,

v.

Marvin R. ANDERSON, Appellant.

No. C8–87–531.

Court of Appeals of Minnesota.

Nov. 3, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Scott A. Hersey, Isanti Co. Atty., Cambridge, for respondent.

Steven A. Sicheneder, Christensen, Jennings & Sicheneder, P.A., North Branch, for appellant.

Considered and decided by SEDGWICK, P.J., and PARKER and HUSPENI, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Marvin Anderson appeals from a judgment of conviction for three misdemeanor offenses, each involving a violation of the Isanti County Zoning Ordinance. We reverse in part and affirm in part.

## FACTS

Appellant owns and occupies a farmstead north of Cambridge, in Isanti County. Anderson was charged by complaint in July 1985 with three zoning ordinance violations: storing unregistered automobiles without complying with Pollution Control Agency (PCA) rules, accumulating solid waste materials in violation of the ordinance, and operating an automobile storage lot contrary to PCA rules. The complaint was dismissed in October 1985 because it did not cite the zoning ordinance sections alleged to have been violated.

The county brought a new complaint, with proper citations, in September 1986. This complaint re-alleged some of the facts stated in the 1985 complaint, as follows:

On July 25, 1985, your complainant [Jack Puterbaugh] viewed the premises owned by MARVIN R. ANDERSON * * *.
In an open field on the premises, your complainant observed 14 automobiles on the premises, none of which had been registered for the current year.

* * * * * *

The complaint added that similar observations had been made by the County Building Inspector, Ed Cedergren, in September 1986 while flying over the property.

Anderson, although he was charged only with misdemeanor offenses, filed a Rule 9.01 request for disclosure. The state filed no notice under Rule 7.01 regarding evidence obtained as a result of a search and seizure, and no notice under Rule 7.02 regarding *Spreigl* offenses. Anderson, nevertheless, moved to suppress the evidence along with his other pre-trial motions. The state indicated at pre-trial it had no evidence subject to Rule 7 notice.

At trial, Anderson objected to the state's introduction of evidence of Puterbaugh's inspection in July 1985, on the grounds it was a *Spreigl* offense of which he had not received notice. The trial court ruled this evidence admissible because appellant had actual notice from the complaint, and because the complaint stated Puterbaugh's observations were made "[i]n an open field on the premises," indicating no constitutional violation.

Anderson also objected to introduction of photographs of Cedergren's aerial inspections in September 1986 and February 1987 and his ground inspection in February 1987, on grounds the evidence was obtained from a search and seizure for which no Rule 7.01 notice had been given.

At a mid-trial evidentiary hearing, Cedergren testified he made his inspection after proceeding past a fence and through open fields to the area where the vehicles, tires, etc., were stored. He stated the vehicles and other items were visible from adjoining property.

The trial court ruled the evidence from Cedergren was admissible because the state gave actual notice of Cedergren's report by mail, and because appellant had no Fourth Amendment claim regarding the open fields on his property.

Puterbaugh testified to seeing inoperable farm machinery, discarded tires, and over 30 motor vehicles with no current registration, all on Anderson's property. He con-

ceded he had not been on the property since July 1985.

The aerial photos taken in September 1986 and February 1987 were introduced, showing piles of discarded tires, numerous vehicles and farm machinery. Cedergren testified he counted 44 vehicles on Anderson's property in February 1987 with expired license plate tabs. The state then rested.

Anderson moved for acquittal on all four counts at the close of the state's case. On the count charging him with operating a junkyard, he argued the state had presented no evidence showing he was buying or selling "junk" or operating an "automobile graveyard" as required by the county zoning ordinance.

Two of the counts required the state to show Anderson was violating the solid waste disposal regulations of the PCA (Counts I and III). The state's claim was that Anderson was storing solid waste without a permit, in violation of the following rule:

> *Permitted sites or facilities.* A person shall make an intermediate or final disposal of any solid waste, only at a site or facility for which a permit has been issued by the agency unless otherwise provided by these parts. Permits shall not be required for sites used for the disposal of solid waste from only a single family or household * * * but these shall be operated and maintained in a nuisance free, pollution free and aesthetic manner consistent with the intent of these parts.

Minn.R. 7035.0900, subp. 3 (1985).

Anderson argued the state had presented no evidence he did not have a permit. The state conceded this, but argued the jury could infer from the evidence the solid waste items were not from one family. The trial court denied the motions for acquittal.

Anderson testified that he did not deal in farm machinery or parts, that he used all the tires that were stored on the farm, and that family members were the registered owners of all the vehicles on the farm. He stated he does not junk cars or sell parts off them. He admitted he did not have a permit from the PCA.

The jury found Anderson guilty of three of the four counts: operating a junkyard in violation of the county zoning ordinance, and storing solid waste contrary to PCA rules (unregistered vehicles—Count I, and other solid waste—Count III). The jury acquitted Anderson of permitting a public nuisance. Minn.Stat. § 609.745 (1986).

## ISSUES

1. Did the trial court abuse its discretion in admitting aerial photos and photographs taken on appellant's property when the state did not give notice under Minn.R. Crim.P. 7.01?

2. Did the court abuse its discretion in admitting evidence of 1985 ordinance violations for which the state gave no *Spreigl* notice?

3. Did the trial court err in denying appellant's motion for acquittal?

4. Was the evidence sufficient to sustain the convictions?

## ANALYSIS

### 1. *Evidence of inspections*

The state gave no notice, other than by the complaint, of Puterbaugh's 1985 inspection of Anderson's property, or of Cedergren's September 1987 fly-over observations of the property. The state gave notice of Cedergren's February 1987 inspection and fly-over, but not in the usual Rule 7.01 form, and not with explicit notice the state intended to introduce the evidence at trial.

Where the evidence to be admitted is not the type of evidence excludable for Fourth Amendment violations, it need not be disclosed under Rule 7.01. *State v. Dick*, 253 N.W.2d 277 (Minn.1977). The ground inspections of Anderson's property were of the "open fields," not subject to a reasonable expectation of privacy. *Oliver v. United States*, 466 U.S. 170, 104 S.Ct. 1735, 1741, 80 L.Ed.2d 214 (1984) ("[O]pen fields do not provide the setting for those intimate activities that the Amendment is in-

tended to shelter from government interference or surveillance."). The fly-over inspections (and aerial photography), if conducted in the public airspace, were also not subject to a reasonable expectation of privacy. *California v. Ciraolo,* 476 U.S. 207, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986).

◼ Even if the state's evidence had been subject to Rule 7.01 disclosure, the trial court in considering sanctions for non-disclosure must consider the extent of prejudice to the defendant. *State v. Lindsey,* 284 N.W.2d 368,. 373 (Minn.1979). Here, Anderson received actual notice, both through the complaint and through notice received just before trial which included copies of Cedergren's reports. Anderson was not prejudiced by the form of the notice since he could have anticipated the state would produce any inspections it had as evidence at trial. Although the notice of Cedergren's February 1987 inspections followed the pretrial conference, the inspections did also. *See* Minn.R.Crim.P. 7.01 (in misdemeanor cases notice to be given before the pretrial conference). The reports were sent nine days before trial, which seems an adequate time to prepare, given the continuing nature of the charged offense.

### 2. *Spreigl offense(s)*

Anderson contends the 1985 Puterbaugh inspection was evidence of a Spreigl offense for which notice should have been given. *See* Minn.R.Crim.P. 7.02.

◼ The state need not give notice of "offenses for which [the defendant] has been previously prosecuted." *Id; see also State v. Spreigl,* 272 Minn. 488, 497, 139 N.W.2d 167, 173 (1965). As this court has recently held, in a case also involving a misdemeanor prosecution, this language does not require the defendant to have been convicted of the previously-prosecuted offense. *State v. Feehan,* 412 N.W.2d 309 (Minn.Ct.App.1987) (notice not required where defendant had pleaded guilty to the prior offense, but the case had been dismissed). Here, Anderson was charged by complaint with the 1985 offense.

◼ Even with the exception for previously-prosecuted offenses, the prosecution must give notice of such offenses if the defendant requests discovery under Minn. R.Crim.P. 9.01. *State v. Arndt,* 264 N.W. 2d 637, 638 (Minn.1978). Anderson requested discovery under Rule 9. However, this is a misdemeanor prosecution, and in misdemeanor cases Rule 9 discovery is required only if the parties consent or a motion is made to the court. *See State v. Lynch,* 392 N.W.2d 700, 705 (Minn.Ct.App. 1986). Since neither is the case here, Anderson was not entitled to notice of a previously-prosecuted offense. In any event, he was not prejudiced since the complaint plainly referenced the prior observations of 1985 violations. *See Arndt,* 264 N.W.2d at 639.

### 3. *Motion for acquittal*

Minn.R.Crim.P. 26.03, subd. 17(1), provides that on a motion for acquittal after the evidence on either side is closed the court shall order judgment of acquittal "if the evidence is insufficient to sustain a conviction." The court may not reserve decision on the motion if made at the end of the state's case. As the supreme court has stated:

> [T]he prosecution must establish a prima facie case by its own evidence before the defendant may be put to his defense.

*State v. Bouwman,* 354 N.W.2d 1, 6 (Minn. 1984) (quoting *United States v. Hinderman,* 625 F.2d 994, 996 (10th Cir.1980)).

◼ The state had to prove that Anderson did not have a permit, unless it could show that his was a single-family disposal site. The state, however, maintained just the opposite, that the junk on his property originated from numerous sources. It was Anderson who later claimed in his testimony that the vehicles were all family-owned and the tires and farm machinery all used on the farm.

The state did not introduce evidence of the elements of the two zoning violations charged in Counts I and III as part of its case, and the court erred in denying Anderson's motion for acquittal on those counts. However, the state also charged

Anderson with a violation of the county zoning ordinance covering maintenance of junkyards (Count II). The sufficiency of the evidence to support the conviction of that offense is discussed below.

### 4. *Sufficiency of the evidence*

The ordinance allegedly violated by Anderson's maintenance of a junkyard is not reprinted in the record. The trial court instructed the jury on the offense as follows:

> A junk yard is defined as any establishment, place of business, *or place of storage or deposit* which is maintained, operated, *or used for storage, keeping,* buying or selling junk, or for the maintenance of an automobile graveyard containing all or parts of five or more unregistered vehicles.

> The elements of that offense * * * are:

> \*     \*     \*     \*     \*     \*

> Second, that said property was maintained, operated, *or used for storing, keeping,* buying or selling junk * * *.

Anderson contends there was no evidence he was buying or selling junk or unregistered motor vehicles or parts from his property. The ordinance, however, as indicated by the jury instructions, did not require proof of buying or selling if there was a storage of junk. This was proved by the photos and testimony of Puterbaugh and Cedergren. The conviction on Count II is affirmed.

### DECISION

We affirm on the evidentiary issues, but vacate the two misdemeanor convictions (Counts I and III) requiring proof of lack of a PCA permit. The evidence was sufficient to sustain the remaining conviction (Count II). Since the court imposed only one misdemeanor sentence, we need not remand for resentencing. Although the court imposed conditions of probation that may have exceeded the violation charged in Count II, the trial court would be free in any event to make findings of fact of its own required for sentencing purposes. *See* *State v. Olson,* 379 N.W.2d 524, 526–27 (Minn.1986).

Reversed in part and affirmed in part.