*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 24-CF-0665

EDWIN J. PRITCHETT, APPELLANT,

V.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(2020-CF2-008425)

(Hon. Marisa J. Demeo, Trial Judge)

(Argued November 17, 2025                    Decided February 5, 2026)

*Timothy Cone* for appellant.

*Thomas D. Hill*, Assistant United States Attorney, with whom *Edward R. Martin, Jr.*, United States Attorney at the time the brief was filed, and *Chrisellen R. Kolb*, *Ariel Lieberman*, *Michael Dal Lago*, and *Katelyn B. Benton*, Assistant United States Attorneys, were on the brief for appellee.

Before EASTERLY, MCLEESE, and SHANKER, *Associate Judges*.

EASTERLY, *Associate Judge*: Edwin Pritchett appeals his convictions for unlawful possession of a firearm (felon-in-possession aka FIP) and attempted possession with intent to distribute cocaine (PWID cocaine). He asserts that the trial

court: (1) abused its discretion by "inviting" the government to fix its failure of proof regarding the FIP charge, and (2) erred by constructively amending the indictment and allowing the jury to convict him for PWID unspecified controlled substance as opposed to PWID cocaine specifically.

We disagree that the record shows the trial court "invited" the government to take any action or abused its discretion by allowing the government to reopen its case and present additional evidence. That said, we conclude that the court did err by prematurely denying Mr. Pritchett's motion for a judgment of acquittal on the merits before the government rested. Nonetheless we discern no basis to reverse on this ground and affirm Mr. Pritchett's FIP conviction. We also reject Mr. Pritchett's constructive amendment argument because he did not make this argument in the trial court and has failed to show plain error on appeal. But because we conclude that the jury did not in fact convict Mr. Pritchett of attempted PWID cocaine, we sua sponte vacate that felony conviction and remand for the court to enter a judgment of conviction for misdemeanor attempted PWID.

## I. Facts and Procedural History

The police arrested Mr. Pritchett after a woman sold drugs to an undercover officer and then left the scene in a car driven by Mr. Pritchett. Officers recovered almost $700—including prerecorded United States currency used by the police to

make the drug purchase—and a bag containing thirty-three grams of a white, powder-like substance from Mr. Pritchett's person. The police also recovered a gun, a scale, and additional currency from the car.

The government indicted Mr. Pritchett on an array of drug and gun charges, including PWID cocaine while armed and FIP. Subsequently, during a pretrial hearing, the government announced that it was dismissing a number of charges and, with regard to the PWID charge, it was dropping the while armed enhancement and "proceeding on an attempt theory, . . . a lesser included charge" of attempted distribution and attempted PWID cocaine. The defense did not object to these charging changes.

At trial, two police officers testified for the government that the bag recovered from Mr. Pritchett contained a substance consistent with cocaine, but, because the government did not present any evidence that it had tested this substance and confirmed it to be cocaine, the court sustained multiple defense objections to the government eliciting testimony that the substance was cocaine.

After the government told defense counsel and the court that it had no further witnesses to call and was resting its case, the defense moved for a judgment of acquittal on "all the charges." Specifically with regard to the PWID charge, the defense argued the government had failed to prove that the substance Mr. Pritchett

possessed was a controlled substance or that he intended to distribute a controlled substance. The trial court asked the government to respond to the defense's arguments and, in addition, to detail

> what evidence, if any, the [g]overnment presented on elements three and four of [the FIP charge], namely, that at the time [Mr. Pritchett] possessed the firearm he had been convicted of a crime punishable by imprisonment for a term exceeding one year, and at the time Mr. Pritchett possessed the firearm he knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

In response to the defense arguments, the government explained again that it was "proceeding on an attempt theory [of PWID]" and asserted that "in the light most favorable to the [g]overnment, it is a reasonable view of a juror that the defendant knew or should have known that substance was cocaine." In response to the court's questions about the FIP charge, the government apologized and stated it had meant "to present [a] stipulation to the jury before formally resting." The government represented without contradiction that in this stipulation Mr. Pritchett had acknowledged that he knew he had a prior conviction from November 2020.

Over defense objection, the court stated it would allow the government to reopen its case and "present the stipulation before [the government] rests in front of the jury." Immediately thereafter and prior to the government entering the

stipulation to cure the insufficiency of the evidence regarding the FIP charge, the court denied defense's motion for a judgment of acquittal. The court explained,

> [t]he [g]overnment has presented the [c]ourt with a stipulation that would address elements three and four, and I will be finding, and I do find that with the stipulation now, there will be -- all elements are -- can be established by the evidence, that is, that a juror could find that each of the elements is met beyond a reasonable doubt based on the evidence.

The government subsequently moved the stipulation into evidence, and both sides rested and delivered closing arguments.

The court instructed the jury consistent with the instructions counsel had earlier approved. With respect to the charge of attempted PWID, the court informed the jury that (1) "[t]he law makes cocaine a controlled substance"; (2) "the [g]overnment is not required to prove that the defendant knew the precise type of controlled substance that he possessed"; but (3) "[t]he [g]overnment must prove beyond a reasonable doubt . . . that the defendant knew that he possessed some type of controlled substance."

The jury convicted Mr. Pritchett of FIP and attempted PWID "controlled substance," along with other charges. At sentencing, the court indicated that Mr. Pritchett had been convicted of attempted PWID cocaine and for that felony conviction directed Mr. Pritchett to serve twelve months of incarceration, with all

but six months suspended, followed by five years of supervised release (all suspended), and one year of supervised probation.

## II.    Analysis

### A.    Whether the Trial Court Abused its Discretion by Allowing the Government to Reopen its Case

Mr. Pritchett argues that the trial court "infring[ed] on the adversary process" by allowing the government to reopen its case after the defense moved for a judgment of acquittal.  He contends that the court exceeded its power under Superior Court Criminal Rule 29, which dictates how the court must respond to a motion for a judgment of acquittal and does not authorize the trial court to "identify[] a failure in the government's case and [] invit[e] the government to cure it."

To begin with, we disagree with the characterization that the trial court "invited" the government to cure a failure of proof.  The court simply asked the government to explain what evidence had been presented to support the requisite elements of the FIP charge, namely a prior felony conviction and knowledge thereof. We see nothing in Rule 29 that prohibits the trial judge from asking the government questions of this sort.  To the contrary, Rule 29(a), which provides that "the court may on its own consider whether the evidence is insufficient to sustain a conviction[,]" appears to contemplate the court making these types of inquiries.

Furthermore, we discern no abuse of discretion in the trial court's subsequent decision to grant the government's request to reopen its case, notwithstanding the government's earlier statement to the court and defense counsel that it intended to rest. *See In re E.R.E.*, 523 A.2d 998, 1000 (D.C. 1987) (noting this court has "expressly recognized" that a trial court possesses the discretion to allow the government to reopen its case after resting). In assessing the trial court's ruling, we consider three factors: "whether the evidence caused surprise to the defendant, whether the defendant was given adequate opportunity to meet the proof, and whether the evidence was more detrimental to the defendant because of the order in which it was introduced." *Id*. Here, each factor weighs in favor of upholding the trial court's decision. Given that both Mr. Pritchett and his counsel signed the stipulation that the government sought to move into evidence, Mr. Pritchett cannot claim that the stipulation was a surprise to him. Similarly, since the parties had discussed and (as the government represented without contradiction) "agreed upon" the language in the stipulation prior to trial, Mr. Pritchett had an adequate opportunity to "meet the proof" the stipulation contained. *Id*. Lastly, Mr. Pritchett has made no showing that he was prejudiced by the admission of the stipulation at the end of the government's case and, based on our review of this record, we fail to see how the timing of the stipulation's admission (as distinct from its content) might have negatively impacted him. *See Rambert v. United States*, 602 A.2d 1117, 1120

(D.C. 1992) (holding that the government's introduction of witness testimony after it had initially rested was not prejudicial to the defense because the testimony "was no more damaging . . . than it would have been if the government had presented it earlier").

Mr. Pritchett attempts to distinguish *In re of E.R.E.* on the grounds that in that case "the *prosecution* realize[d] that it inadvertently neglected to introduce evidence," whereas here, "the *trial court* took the initiative of identifying a failure in the government's case," but again we disagree with his characterization of the record. Mr. Pritchett also attempts to rely on the Tenth Circuit's observation in *United States v. Hinderman* that "the government's case-in-chief should not be treated as an experiment that can be cured after the defendant has, by motion, identified the failures." 625 F.2d 994, 996 (10th Cir. 1980). We are bound only by our precedent, but we see no conflict between *Hinderman* and our test under *In re E.R.E.* for when a court may permissibly exercise its discretion to allow the government to reopen the record. Indeed, Mr. Pritchett fails to acknowledge the very next sentence in *Hinderman* in which the Tenth Circuit acknowledged that "the trial court must be vested with discretion to permit reopening when mere inadvertence or some other compelling circumstance . . . justifies a reopening and no substantial prejudice will occur." *Id.*

Although the trial court reasonably exercised its discretion in allowing the government to reopen its case to move the stipulation into evidence, the court then erred when it proceeded to deny Mr. Pritchett's motion for a judgment of acquittal on the FIP charge on the merits. At the point that the court allowed the government to reopen its case, Mr. Pritchett's motion for a judgment of acquittal became premature. *See* Super. Ct. Crim. R. 29(a) (discussing the possible dispositions on a motion for a judgment of acquittal "[a]fter the government closes its evidence or after the close of all the evidence"). Although a trial court may "reserve decision on [a] motion" for a judgment of acquittal, if the court does so, the court "must decide the motion on the basis of the evidence at the time the ruling was reserved." Super. Ct. Crim. R. 29(b). That is not what happened here; instead, the court purported to deny the motion for a judgment of acquittal at a time when the evidence regarding Mr. Pritchett's status as a felon and his knowledge thereof was plainly insufficient. For multiple reasons, however, we discern no basis for reversal on this ground: Mr. Pritchett never challenged the court's ruling on prematurity grounds; as previously noted, Mr. Pritchett agreed to stipulate that he was aware of his prior felony conviction; and we have no reason to believe that, had the court followed the correct order of operations, its ruling on a subsequent motion for a judgment of acquittal would have been any different.

### B.    Whether the Trial Court Erred by Constructively Amending the Indictment

Mr. Pritchett argues that the trial court erred by constructively amending the indictment and instructing the jury that it only needed to find that he attempted to possess a generic "controlled substance," rather than cocaine specifically, in order to find him guilty of attempted PWID.[1]  He asserts that our review of this error is de novo, but because he did not object to either the trial court's PWID instruction or the verdict form listing attempted PWID controlled substance, we may only review for plain error.  *See O'Brien v. United States*, 962 A.2d 282, 321 (D.C. 2008).

Under the test for plain error, the appellant must show "(1) there was an error"; "(2) the error was plain," i.e., it was "clear or obvious, rather than subject to reasonable dispute"; "(3) the error affected his substantial rights"; and "(4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Grogan v. United States*, 271 A.3d 196, 212-13 (D.C. 2022) (citation modified).  We conclude that Mr. Pritchett's argument fails at the second step.

---

[1] Mr. Pritchett alternatively asserts that the trial court's directives to the jury resulted in a prejudicial variance, but because his brief contains no developed argument on this point, we decline to address it.  *See Comford v. United States*, 947 A.2d 1181 (D.C. 2008) (explaining that this court will deem waived "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation").

A constructive amendment of the indictment "occurs when the trial court permits the jury to consider, under the indictment, an element of the charge that differs from the specific words of the indictment." *Wooley v. United States*, 697 A.2d 777, 780 (D.C. 1997). Thus the government's election to proceed on a lesser included offense—as the government did here when it opted to pursue only attempted PWID—does not amount to an impermissible constructive amendment of the indictment. *See United States v. Miller*, 471 U.S. 130, 144-45 (1985) (holding that "narrowing" an indictment does not violate a defendant's Fifth Amendment right); *see also Williams v. United States*, 641 A.2d 479, 483 (D.C. 1994) (holding that an indictment is "narrowed rather than broadened" when the government "substitute[s] lesser included offenses" for the charged offenses before trial); *see also Washington v. United States*, 965 A.2d 35, 42 n.21 (D.C. 2009) (recognizing attempted PWID as a lesser included offense of PWID).

This court has never addressed the question of whether PWID unspecified controlled substance is a cognizable offense in this jurisdiction. *Digsby v. United States*, 981 A.2d 598, 609 (D.C. 2009) (observing this is an open question); *Wooley*, 697 A.2d at 786 n.3 (acknowledging that the majority opinion did not address this question) (Farrell, J., concurring); *but cf. United States v. Martinez*, 301 F.3d 860, 864-65 (7th Cir. 2002) (explaining that where defendant "pleaded guilty to possessing with intent to distribute an unspecified amount and type of controlled

substance" under § 841 of Title 21 of the United States Code, "it is clear that drug type and quantity are not elements of the offense"); *United States v. Ayala-Vázquez*, 96 F.4th 1, 4 (1st Cir. 2024) (explaining that PWID carries a "penalty range" of "0 to 20 years' imprisonment" under federal law "if the quantity and type of the controlled substance are unspecified"). Mr. Pritchett neither argues that PWID unspecified is not a cognizable offense nor disputes that such an offense could be a lesser included of PWID cocaine because it requires proof of one fewer element, i.e., the specific type of controlled substance. *See Pendergrast v. United States*, 332 A.2d 919, 924 (D.C. 1975) (holding that giving an instruction about a lesser included offense is "proper" when "the lesser offense consist[s] entirely of some but not all of the elements of the greater offense"). In the absence of such arguments, we cannot say that the trial court plainly erred in submitting to the jury what we assume for the purpose of this opinion to have been a legitimate offense.

While we conclude that Mr. Pritchett's constructive amendment argument fails on prong two of the test for plain error, we reject the government's prong one argument that there was no error because the jury in fact convicted Mr. Pritchett of attempted PWID cocaine. The government highlights snippets of its closing argument, wherein it referenced cocaine. But the government was able to argue only that Mr. Pritchett possessed a substance that "appeared to be" or was "consistent with" cocaine because it never put any evidence on about the actual identity of the

substance; and we disagree that this argument would have clearly communicated to the jury that it had to find that Mr. Pritchett intended to possess cocaine. We also note that the defense in closing highlighted that the government had been precluded by the court from eliciting testimony that the substance found in Mr. Pritchett's car was cocaine and argued more generally that the government had failed to prove that the substance Mr. Pritchett possessed was a controlled substance or that he intended to distribute a controlled substance. Moreover, we must also consider the court's instructions and the verdict form—to which the government also did not object. *See Johnson v. United States*, 613 A.2d 1381, 1385 (D.C. 1992) ("[T]o evaluate whether an indictment has been constructively amended, the court must compare the evidence and the instructions to the jury with the charge specified in the indictment."). We acknowledge that the court told the jury that cocaine is a controlled substance, but it then instructed the jury that "the [g]overnment is not required to prove that the defendant knew the precise type of controlled substance that he possessed" and that the government was only required to prove "beyond a reasonable doubt . . . that the defendant knew that he possessed some type of controlled substance." And the verdict form asked the jury only whether Mr. Pritchett was guilty or not guilty of "attempted possession with intent to distribute a controlled substance." We assume the jury followed the instructions it was given and answered the question it was asked. *Foote v. United* States, 108 A.3d 1227,

1239 (D.C. 2015) ("[A]bsent such extraordinary situations, . . . we adhere to the crucial assumption underlying our constitutional system of trial by jury that jurors carefully follow instructions.").

This presents a problem, however, because although the jury had convicted Mr. Pritchett of only attempted PWID unspecified controlled substance, the trial court sentenced Mr. Pritchett for attempted PWID cocaine. Mr. Pritchett did not brief this issue, but this court raised it in a pre-argument order and asked the parties to be prepared to address it. We conclude that the trial court's sentence was illegal and act now to correct it. *Cf.* Super. Ct. Crim. R. 35(a) (authorizing a trial court to "correct an illegal sentence at any time").

For the felony conviction of attempted PWID cocaine, *see* D.C. Code § 48-904.01(a)(2)(A) (designating offenses involving Schedule II controlled substances as felonies subject to a maximum of thirty years of imprisonment); D.C. Code § 48-902.06(1)(D) (specifying cocaine as a Schedule II controlled substance); D.C. Code § 22-1803 (attempt statute), the trial court gave Mr. Pritchett a felony sentence of, inter alia, twelve months (six months suspended) imprisonment, followed by five years of supervised release (suspended as to all). But if we assume that attempted PWID unspecified controlled substance is a cognizable offense in the District, it must be sentenced at the lowest sentence for PWID of any controlled

substance—barring a jury finding that the sentence be enhanced. *See Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000) ("[A]ny fact other than prior conviction that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt."). That sentence is a misdemeanor. *See* D.C. Code § 48-904.01(a)(2)(D) (identifying "imprison[ment] for not more than one year" and a "fine[] not more than the amount set forth in § 22-3571.01" as the lowest sentence authorized for PWID).

We thus vacate Mr. Pritchett's sentence for attempted PWID cocaine, and remand for further proceedings consistent with this opinion.

*So ordered.*