Arnolfo MARQUEZ, Appellant,

v.

UNITED STATES, Appellee.

No. 03–CM–1541.

District of Columbia Court of Appeals.

Submitted Dec. 13, 2005.
Decided Jan. 11, 2006.*
Filed July 20, 2006.

William G. Dansie, appointed by the court, was on the brief, for appellant.

Kenneth L. Wainstein, United States Attorney, John R. Fisher, Assistant United States Attorney at the time the brief was filed, and Thomas J. Tourish, Jr., and Kathleen J. Monaghan, Assistant United States Attorneys, were on the brief, for appellee.

Before GLICKMAN and KRAMER, Associate Judges; STEADMAN, Senior Judge.

PER CURIAM.

KRAMER, Associate Judge.

In reliance on the Supreme Court's decision in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the appellant argues for the first time on appeal that the trial court erred in admitting the complainant's statement—made to a police officer as she flagged him down—that her boyfriend was going to "kick her ass." On that ground, the appellant asks that we overturn his conviction. We find no reversible error and affirm.

At trial, the government presented two witnesses, Jacqueena Dues, the complainant, and Officer Michael Thomas, who had assisted in the appellant's arrest. Ms. Dues testified that in the early morning hours of October 6, 2003, she and her boyfriend, Mr. Marquez, were riding

---

* The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. At the request of the appellee, it was later published. *See Marquez v. United States,* 893 A.2d 561 (D.C.2006) Thereafter, the appellant filed a motion "to rescind publication of the opinion, to revise it, or, in the alternative, to recall the mandate and petition for rehearing." In response, the United States suggested certain revisions, which were not opposed by the appellant and have been accepted by the panel. Those revisions are incorporated in this version of the opinion.

around in Mr. Marquez's car while he consumed four large cans of beer. Ms. Dues was not drinking. Eventually, they parked in an alley. They began to argue and, according to Ms. Dues, Mr. Marquez "was cussing [her] and [her] mother out." Ms. Dues left the car, and Mr. Marquez followed her. When she returned to the car to retrieve her belongings, she testified, Mr. Marquez started "yanking" and "grabbing" her. He threw her into a garage door, tearing the back of her shirt, then tried to put both of his hands around her neck to choke her. Ms. Dues was able to push him away, and went to the street where she flagged down a passing police car.

Officer Thomas, who was in the police car that Ms. Dues flagged down, testified that she "yelled from the side of the road" and was "waving her arms kind of frantically, yelling please stop, you have to stop." As he put it, "She was running from one side of the road to get to our car waiving her arm" and "trying to get our attention as best she could." Although the windows of the police car were closed, Officer Thomas could hear what she was saying, and deduced that she was "very eager to have [the police] aid her in some fashion."

Officer Thomas testified, over the objection of defense counsel, that as Ms. Dues approached the police car, she stated: "[H]e's going to kick my ass." Officer Thomas got out of the police car, and Ms. Dues directed him and his partner towards Mr. Marquez, identifying him as the person who had attacked her. Officer Thom-

as testified that he was able to smell alcohol on Mr. Marquez, and that his speech was "a little slurred." The officer did not see any injuries on either Ms. Dues or Mr. Marquez, but he did see a tear on the back of Ms. Dues blouse. Thereafter, Mr. Marquez was arrested for simple assault. At the conclusion of the government's case, the defense moved for a judgment of acquittal, which was denied.[1]

Mr. Marquez then took the stand. He confirmed that before his arrest, he and Ms. Dues had been "just riding around" in his car, and that he had been drinking beer. He admitted that he and Ms. Dues had gotten into an argument, and that he parked in an alley so that they could calm down. Thereafter, Ms. Dues left the car, and he got out to convince her to return. As Mr. Marquez put it, after both had returned to the car, he "really wanted to get [her] mad," so he threw her shoes in the bushes and intentionally blocked her from walking away a second time. He testified that she then pushed him, and it was he, not she, who fell into the garage door. Mr. Marquez denied touching Ms. Dues in any manner, including grabbing and pushing her into the garage door and ripping her blouse. He specifically denied that he had ripped her shirt. At the conclusion of all the evidence, the defense renewed its motion for judgment of acquittal, which was denied.[2]

After the closing arguments, held the following day, the court found the defendant guilty of simple assault. Unfortu-

---

1. In denying the motion, the court stated: "The complainant's testimony is that the defendant grabbed her by the arms, pushed her into a garage door, and tried to put his hands on her throat, and that testimony, taken in the light most favorable to the Government, does make out the charge of simple assault."

2. In that connection, the court ruled:

Given the testimony of the defendant and the complainant is inconsistent, the case comes down to a credibility contest which is properly resolved, not at this stage, by the trier of fact, and, in taking the evidence in the light most favorable to the Government at this stage, I find that the evidence as a whole makes out a prima facie case as to the charge, so I deny the motion.

nately, no transcript of the court's ruling exists due to an equipment malfunction.

On appeal, the sole issue is the admission of Officer Thomas' testimony that Ms. Dues said that Mr. Marquez told her that he was "going to kick [her] ass." This evidence came in over the defense counsel's hearsay objection. Before eliciting this testimony, the prosecutor informed the court that the witness was about to testify about what he had heard Ms. Dues say. The court ruled that the officer would be permitted to give this testimony, and that the court would then rule on its admissibility. After hearing the testimony, the court concluded that the statement fell within the "excited utterance" exception to the hearsay rule.

■ The appellant does not challenge that ruling on appeal. Rather, he now argues that the admission of this statement violated the Confrontation Clause of the Sixth Amendment. In so arguing, the appellant relies solely on *Crawford, supra,* a seminal case holding that "testimonial statements" may no longer "be introduced against a defendant unless he or she had an opportunity to cross-examine the declarant, regardless of whether that statement falls within a firmly rooted hearsay exception or has particularized guarantees of trustworthiness." *Stancil v. United States,* 866 A.2d 799, 805 (D.C.2005) (quoting *United States v. Saget,* 377 F.3d 223, 226 (2d Cir.2004)).[3] Because counsel objected at trial to the admission of the statement on purely evidentiary grounds

and did not raise a Confrontation Clause objection,[4] we must review the claim for plain error. *See Carey v. United States,* 647 A.2d 56, 58 n. 2 (D.C.1994); *(Michael) Johnson v. United States,* 616 A.2d 1216, 1232 n. 25 (D.C.1992).[5]

■ On a plain error review, an appellant must show that the objectionable action was (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings. *United States v. Olano,* 507 U.S. 725, 732–36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *see also (Joyce) Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (citations omitted); *Jones v. United States,* 813 A.2d 220, 223–24 (D.C.2002); *(Danny Lee) Johnson v. United States,* 812 A.2d 234, 242 (D.C. 2002). We conclude that not all these predicates have been met.

Even assuming there was "error" that was "plain" under *Crawford,* the admission of this testimony cannot be found to "affect substantial rights." As *Olano* explained, "affecting substantial rights" generally means that the error was prejudicial. *Id.* As a review of the evidence set forth above shows, the testimony at issue constituted a minor part of the evidence against the appellant. Moreover, it did not address the assault charge, since the threat of future action is different from the assault that had allegedly already been committed. Indeed, the logical inference of the state-

3. We note that *Stancil* is pending a rehearing en banc granted by order of June 29, 2005. *See Stancil v. United States,* 878 A.2d 1186 (D.C.2005).

4. Specifically, as the statement objected to was about to be elicited from Officer Thomas, the appellant's counsel broke in and said, "Objection, [y]our [h]onor." The court asked, "Is hearsay your basis?" Counsel responded: "Yes, it is."

5. While a "new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending direct review ... with no exception for cases in which the new rule constitutes a 'clear break' with the past," a determination of whether reversible error occurred in this context is nonetheless to be determined with reference to standards of the plain error rule. *(Joyce) Johnson, supra,* 520 U.S. at 467–69, 117 S.Ct. 1544 (citations omitted).

ment is that since Ms. Dues said that Mr. Marquez was "threatening her," he had not in fact yet assaulted her. Consequently, we conclude that the admission of this testimony did not "affect substantial rights."[6]

For much the same reasons, we cannot find that the admission of this statement, even were it found to be error within the *Crawford* holding, was of a nature that would "seriously affect[ ]the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736, 113 S.Ct. 1770. This is particularly true in this case because *Crawford's* applicability is questionable and the trial court admitted complainant's statement under a valid hearsay exception. Accordingly, for the reasons stated here, the judgment is

*Affirmed.*

---

**6.** The government also notes that the complainant was present at trial and had been cross-examined by the appellant's counsel. While this is surely another factor undermining the idea that the appellant suffered prejudice, we do not necessarily find it determinative standing alone. Officer Thomas' testimony was given after Ms. Dues had completed her testimony and been excused, and the record is unclear as to whether or not she could have been recalled for cross-examination on this point.