**Rahveed COMFORD, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 04–CF–123.**

District of Columbia Court of Appeals.

Argued May 18, 2006.

Decided May 15, 2008.

Alice Wang, Public Defender Service, with whom James Klein and Jenifer Leaman, Public Defender Service, were on the brief for appellant.

Ann K.H. Simon, Assistant United States Attorney, with whom Kenneth L. Wainstein, United States Attorney at the time the briefs were filed, Roy W. McLeese III, and Timothy G. Lynch, Assistant United States Attorneys, were on the brief, for appellee.

Before GLICKMAN and KRAMER, Associate Judges, and BELSON, Senior Judge.

GLICKMAN, Associate Judge:

Appellant Rahveed Comford was convicted after a jury trial of carrying a pistol without a license, possession of an unregistered firearm, and unlawful possession of ammunition. He claims the trial judge erred by allowing the government to introduce evidence of his purported admission

that he possessed the weapon. We hold that appellant failed to preserve his objection to this evidence, and that its introduction was not plain error.

## I.

On the evening of March 21, 2003, Sharif Holt borrowed his mother's car and picked up appellant and a second passenger, Gregory Stratford, to go to a party in Southeast Washington. At approximately 1:30 the following morning, a Metropolitan Police Officer stopped the car for running a stop sign and not having its headlights on. The officer called for police backup after appellant, who was sitting alone in the back seat, opened the rear door and began to throw up. All three occupants of the vehicle appeared to be intoxicated. Upon seeing an open bottle of vodka, the police arrested them for underage possession of alcohol.

In a search of the car incident to the arrests, the police found a handgun underneath appellant's sweatshirt on the backseat. There were seven bullets in the weapon. When an officer picked up the sweatshirt, an eighth, matching bullet fell out of it to the ground. According to one of the arresting officers who testified at trial, Holt became "extremely upset, crying on the scene," after the gun was discovered, while Stratford (the front passenger seat) was "nonchalant." Appellant, who remained "noncooperative with any information,"[1] was the only person charged with possessing the firearm and ammunition.

Before the government called Holt to the stand at trial, defense counsel raised a "preliminary matter" regarding his testimony. Counsel explained that Holt's grand jury testimony, which the prosecutor had just turned over to the defense, indicated appellant had made statements to Holt that, arguably, should have been disclosed earlier under Criminal Rule 16.[2] The prosecutor denied the existence of any "custodial statements" by appellant. Rather, the prosecutor proffered, "Sharif Holt, the driver of the car, asked Mr. Comford how the gun got in his car, several times, and Mr. Comford refused to answer." Thus, the prosecutor concluded, appellant made no statement at all. Defense counsel disagreed and represented that Holt told the grand jury appellant "dodged the question," implying "something was said and we don't know what." No further information was provided to the trial judge during this colloquy regarding the circumstances under which Holt questioned appellant about the gun or how appellant responded.

Defense counsel suggested the government be sanctioned for not fulfilling its discovery obligations under Criminal Rule 16. In addition, counsel asked for an *in limine* ruling precluding the government from eliciting any testimony about appellant's failure to answer Holt as evidence of consciousness of guilt. Citing Federal Rule of Evidence 403, counsel asserted without explanation that such testimony would be irrelevant and "highly" prejudicial.

The trial judge commented that Holt's question was not a statement "submitted for the truth of the matter asserted," and appellant's ensuing silence was merely his conduct—it was "just what happened." Further, the judge stated, appellant's silence was "relevant" and "probative in the context of the case," and appellant had identified no specific danger of unfair prejudice. Consequently, the judge rejected appellant's requests for discovery sanc-

---

1. Appellant did not object to this testimony at trial, and he makes no issue of it on appeal.

2. Super. Ct.Crim. R. 16(a)(1)(A) (providing for pretrial discovery of the defendant's statements).

tions and exclusion of Holt's anticipated testimony pursuant to Rule 403.

When Holt later took the stand, additional facts emerged regarding his inquiry of appellant. The relevant portion of the prosecutor's direct examination of Holt proceeded as follows:

Q. Do you know how that gun got in the car that night?

A. I do not have a clue.

Q. Did you ever have occasion to ask Mr. Comford how that gun got in the car?

A. After I was sitting on the curb in handcuffs, I did have occasion to ask him.

Q. Did you ask him any other times as well?

A. I asked him, but there wasn't any response.

\* \* \*

Q. Did he answer your question?

A. No, sir.

Q. You said that Mr. Comford was hurling or throwing up. Just how intoxicated was he?

A. Well, he seemed pretty messed up to me.

\* \* \*

Q. Was he able to answer questions?

A. To the cops?

Q. To the police officers.

A. I don't remember him answering any questions. I don't know if he was able to answer questions or not.

Q. Was he able to stand?

A. Not really, sir.

Q. How much alcohol had you seen him consume?

A. I don't know the amount of cups, but the bottle was almost gone between the three of us.

On cross-examination, Holt confirmed appellant had been vomiting and said he was lying supine on the pavement in handcuffs following his arrest.

Contrary to the earlier proffers, Holt did not say appellant "refused" to answer him or "dodged" his inquiry. If anything, Holt indicated appellant was so drunk his silence might not have been volitional. The other new information Holt revealed was that he and appellant were in police custody when Holt interrogated appellant about the gun. Despite these new facts, defense counsel did not renew his objection to Holt's testimony.

In his closing and rebuttal arguments, the prosecutor exhorted the jury to consider appellant's silence as compelling proof of his guilt:

Finally, the most crucial piece of evidence of all. His friend asked him where that gun—how that gun got there.... Now, what we know is that Mr. Holt asked him several times, how did this gun get there? This is not the police asking him this. This is a friend. This is—they're not best friends, but this is a person that picked him up, a person who drove him to the party and said, where did this gun come from? Where did this gun come from? Where did this gun come from?

Did Mr. Comford deny it? Did he say no, it's not my gun? I don't know how it got there? Did he say that gun was there the whole night? I've been back there that night. I've seen it, I just forgot to say to you. He didn't say anything. And by not saying anything, he spoke far louder than I could ever speak, far louder than any other testimony could ever speak. He spoke volumes when he couldn't answer his friend and his one question, his two questions, his three questions about where that gun came from.

"[T]hat," the prosecutor concluded, "is called consciousness of guilt. He wouldn't say anything to his friend about how that

gun got there because he knew how that gun got there. He put it there himself under that sweatshirt." [3]

## II.

Appellant claims the trial judge erred by admitting the evidence of his failure to respond to Holt's implicitly incriminating questions without a sufficient threshold showing that his silence could qualify as an admission of his guilt.[4] "When a statement is made in the presence of a party containing assertions of fact which, if untrue, the party would under all the circumstances naturally be expected to deny, failure to speak has traditionally been received as an admission." [5] The traditional rule has been incorporated in Federal Rule of Evidence 801(d)(2)(B), which defines an admission by a party-opponent to include "a statement of which the party has manifested an adoption or belief in its truth." This jurisdiction has adopted "the substance" of Rule 801(d)(2),[6] though unlike the Federal rule, our cases continue to treat party-admissions as an exception to the rule against hearsay.[7] Recognizing that "evidence of tacit or adoptive admissions is replete with possibilities of misunderstanding," [8] we have held proffered evidence of a criminal defendant's silent agreement with another person's inculpating statements to be admissible only if "a reasonable jury could properly conclude that the defendant *unambiguously* assented to them." [9] In the present case, appellant contends, no reasonable jury could have found he unambiguously assented to the assertion, implicit in Holt's questions to him, that he had brought the gun into the car, because he was intoxicated and in police custody. Accordingly, appellant claims, the judge should have excluded the evidence of his silence as insufficient to permit a jury to find that he made a tacit or adoptive admission.[10]

3. Defense counsel made no contemporaneous objection to the prosecutor's argument, nor did counsel request the jury be given a cautionary instruction regarding appellant's silence. After the jury had begun deliberating, however, counsel protested to the judge that the prosecutor's comments on appellant's silence had been improper. The judge disagreed, but ruled that, in any event, the objection was untimely. Appellant does not challenge that ruling, and he disclaims any reliance in this appeal on his counsel's post-argument objections. (Appellant's Reply Br. at 4 n. 1.)

4. Appellant has abandoned his claim that the trial judge should have sanctioned the government for violating its discovery obligations.

5. 2 McCormick on Evidence § 262 (6th ed.2006).

6. *Harris v. United States*, 834 A.2d 106, 115–16 (D.C.2003) (quoting *Johnson v. Leuthongc-hak*, 772 A.2d 249, 250 (D.C.2001)).

7. *See Chaabi v. United States*, 544 A.2d 1247, 1248 n. 1 (D.C.1988) ("We have traditionally considered admissions to be exceptions to the hearsay rule."); Fed.R.Evid. 801(d) (providing that the admission of a party-opponent "is not hearsay").

8. *Foreman v. United States*, 792 A.2d 1043, 1052 (D.C.2002).

9. *Holmes v. United States*, 580 A.2d 1259, 1263 (D.C.1990) (emphasis in original); *see also Brown v. United States*, 464 A.2d 120, 123 (D.C.1983) ("Testimony that an accused adopted statements of another person as his own admissions may be admitted in evidence as an exception to the hearsay rule if it clearly appears that the accused understood and unambiguously assented to those statements.") (internal quotation marks and citations omitted).

10. Appellant challenges this evidence only on non-Constitutional grounds. He does not claim the admission of his silence as substantive evidence of his guilt violated either his Fifth Amendment privilege against self-incrimination or his right to due process of law. The Supreme Court has held that the Constitution allows impeachment of a defendant at trial with his pre- or post-arrest silence unless he was affirmatively assured, by *Miranda* warnings or otherwise, that it would not be

■ The government argues that appellant has forfeited this hearsay claim, because he did not advance it at trial. There, appellant objected only that his silence was, in essence, more prejudicial than probative—a so-called Rule 403 claim.[11] Moreover, the government contends, appellant has abandoned the Rule 403 objection he did make at trial by not pursuing it in his opening brief on appeal. Thus, the threshold issue we must consider is whether appellant has preserved his hearsay and Rule 403 claims for our review. The issue principally turns on the specificity and timeliness of appellant's objections to Holt's testimony.

It is a bedrock procedural principle that "[o]bjections must be made with reasonable specificity; the [trial] judge must be fairly apprised as to the question on which he is being asked to rule."[12] Among its virtues, this principle promotes fairness to the opposing party, who may be able to meet the objection or substitute other evidence if necessary; it encourages informed decision-making and the avoidance of error; it enables the trial judge to "correct the situation without jettisoning the trial;"[13] it reduces the risk of appellate overestimation of inconsequential errors; and it discourages barristerial gamesmanship. Accordingly, while an appellant is "not limited to the precise arguments made below" in support of any claim he properly made there,[14] "[q]uestions not properly raised and preserved during the proceedings under examination, and points not asserted with sufficient precision to indicate distinctly the party's thesis, will normally be spurned on appeal."[15] A claim not properly preserved at trial is "subject to the strictures of 'plain error' review."[16]

Appellant's Rule 403 claim at trial differs from his hearsay claim on appeal. In our view, the difference is material for purposes of deciding whether the latter objection was preserved properly. What is significant is not that the two claims bear different labels, but that they require substantively different inquiries.

used against him. *See Brecht v. Abrahamson,* 507 U.S. 619, 628, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Fletcher v. Weir,* 455 U.S. 603, 606, 102 S.Ct. 1309, 71 L.Ed.2d 490 (1982); *Jenkins v. Anderson,* 447 U.S. 231, 235–240, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980); *Doyle v. Ohio,* 426 U.S. 610, 619, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). The Supreme Court has not yet decided to what extent the Constitution allows such silence to be used against a defendant substantively, as a tacit or adoptive admission. Presumably, such use is Constitutionally permissible if the defendant, in maintaining his silence, was not exercising his Fifth Amendment privilege. Appellant concedes that the record in this case does not show such an exercise on his part.

**11.** This court has adopted "the policy set forth in Federal Rule of Evidence 403 that evidence, although relevant and otherwise admissible, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." *Johnson v. United States,* 683 A.2d 1087, 1090 (D.C.1996) (en banc). Strictly speaking, appellant's objection that Holt's testimony would be irrelevant is distinct from his objection that the probative value of the testimony was outweighed by the danger of unfair prejudice. *See Foreman,* 792 A.2d at 1049; FED.R.EVID. 401, 402. The distinction is not important for present purposes, however, so for convenience we may (like the parties on appeal) refer to appellant's objection at trial as a Rule 403 claim.

**12.** *Hunter v. United States,* 606 A.2d 139, 144 (D.C.1992).

**13.** *Id.*

**14.** *Yee v. Escondido,* 503 U.S. 519, 534, 112 S.Ct. 1522, 118 L.Ed.2d 153 (1992).

**15.** *Miller v. Avirom,* 127 U.S.App. D.C. 367, 369–70, 384 F.2d 319, 321–22 (1967) (footnotes omitted).

**16.** *Thomas v. United States,* 914 A.2d 1, 8 (D.C.2006).

A proper hearsay objection would have called upon the trial judge in this case to determine whether a reasonable jury could find that appellant, by his silence, manifested unambiguous agreement with an implicit (if not explicit) assertion contained in Holt's question. Appellant did not ask the judge to engage in that inquiry, and the judge did not do so (except insofar as he commented, seemingly in considering appellant's request for discovery sanctions, that Holt's *question* was not "submitted for the truth of the matter asserted"—which appellant never claimed). Appellant's objection that Holt's anticipated testimony would be irrelevant merely required the judge to consider whether appellant's silence had "any tendency to make the existence of any fact that is of consequence more or less probable than it would be without the evidence."[17] Unlike the test of unambiguousness for a tacit or adoptive admission, the "any tendency" threshold of relevance is relatively easy to surmount; evidence certainly need not be unambiguous to have *some* probative value. Appellant's complaint of prejudice and explicit reference to Rule 403 required the judge to assess whether the probative value of appellant's silence was substantially outweighed by the danger of "unfair prejudice," which "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."[18] Again, unlike the test for a tacit or adoptive admission, Rule 403

tilts in favor of "admitting as much relevant evidence as it is reasonable and fair to include."[19] Under Rule 403, "[p]robative evidence should not be excluded because of crabbed notions of relevance or excessive mistrust of juries."[20]

To see the substantive difference between a hearsay objection and a Rule 403 objection, we need only compare tacit admissions of guilt by silence with tacit admissions of guilt by flight. Had appellant attempted to flee the scene when the police stopped him and his friends, his flight arguably would have been as ambiguous as his silence. We have no doubt, however, that evidence of his attempted flight would have been admissible. Under Rule 403, "[a]s long as the circumstances *reasonably support an inference* that [the accused] fled because of consciousness of guilt of the charges ..., and the probative value of the flight evidence is not [substantially] outweighed by the potential prejudicial impact on the jury, such evidence may be admitted, and the corresponding instruction may be given."[21] A degree of ambiguity for flight evidence is acceptable; the standard instruction deals with the uncertainties by warning the jury that flight does "not necessarily reflect" consciousness of guilt and "may be motivated by a variety of factors which are fully consistent with innocence."[22]

█ Because Rule 403 and the hearsay exception for admissions mandate different inquiries, a Rule 403 objection to evidence

---

17. *Foreman,* 792 A.2d at 1049 (citations omitted) (defining "relevance evidence").

18. *Id.* at 1050 (quoting FED.R.EVID. 403 advisory committee's note); *see also Old Chief v. United States,* 519 U.S. 172, 180, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) ("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.").

19. *Johnson,* 683 A.2d at 1100.

20. *Allen v. United States,* 603 A.2d 1219, 1224 (D.C.1992) (en banc) (internal quotation marks and citation omitted).

21. *Smith v. United States,* 777 A.2d 801, 808 (D.C.2001) (emphasis in the original).

22. CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 2.44 (4th ed. revised 2007).

of an admission by silence will not do service for the hearsay objection even though the two objections are motivated by similar concerns of reliability and fairness. This point is demonstrated in an analogous context by our cases holding that Confrontation Clause and hearsay objections are not interchangeable. The Confrontation Clause and the rule against hearsay may serve the same goal of ensuring the evidence to which they apply is subject to cross-examination, but they differ materially in their requirements and exceptions. Hence, as we would expect, a Confrontation Clause objection will not suffice to preserve a hearsay claim,[23] nor will a hearsay objection preserve a Confrontation Clause claim.[24]

■ We conclude that appellant's objections at trial did not preserve his hearsay claim on appeal. Before determining whether that claim meets the test of plain error, we turn to consider the status of appellant's Rule 403 claim, which the government contends appellant has abandoned on appeal by failing to argue it in his opening brief. Appellant disagrees, insisting (in his reply brief) that "his only claim on appeal is that the trial court erred in admitting evidence of Mr. Comford's silence because it did not unambiguously demonstrate his consciousness of guilt and, therefore, was more prejudicial than probative."[25]

Although the question of abandonment is a close one, the government has the better of the argument. While appellant's opening brief does assert in passing that

the "evidence of his silence was more prejudicial than probative,"[26] it ignores Rule 403 and the case law construing it. As we read that brief, it argues only that the trial judge abused his discretion under the elevated standard governing silence as a tacit or adoptive admission. The attempted melding of that narrow hearsay claim with a Rule 403 claim is conclusory at best. For example, the opening brief never discusses, or even mentions, the requirement of Rule 403, which this court stressed in *Johnson*,[27] that the danger of unfair prejudice must *substantially* outweigh probative value before relevant evidence may be excluded. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."[28] Furthermore, if the Rule 403 claim was not presented sufficiently in appellant's opening brief, its elaboration in the reply brief comes too late. "It is the longstanding policy of this court not to consider arguments raised for the first time in a reply brief."[29]

■ We need not rest our decision on the admittedly close question of abandonment, however. Even if we were to conclude that appellant did not abandon his Rule 403 claim on appeal, we would conclude he did not preserve it effectively at the trial level. Although his counsel moved *in limine* to exclude Holt's testimo-

23. *See Carey v. United States*, 647 A.2d 56, 58 n. 2 (D.C.1994).

24. *See Marquez v. United States*, 903 A.2d 815, 817 (D.C.2006).

25. Appellant's Reply Br. at 2.

26. Appellant's Br. at 11–12.

27. *Johnson*, 683 A.2d at 1099–1100.

28. *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990) (citations omitted). *See, e.g.*, *Van Kuhn v. United States*, 900 A.2d 691, 696 n. 5 (D.C.2006); *Bardoff v. United States*, 628 A.2d 86, 90 n. 8 (D.C.1993).

29. *Stockard v. Moss*, 706 A.2d 561, 566 (D.C. 1997).

ny about his silence, citing Rule 403, the trial judge's ruling on the motion was based on the minimal argument and cursory factual proffer provided at the time. Counsel supplied no reason at all why the anticipated testimony would be irrelevant or unfairly prejudicial, or why the risk of unfair prejudice would substantially outweigh its probative value. On appeal, we must "evaluate the trial court's decision from its perspective when it had to rule and not indulge in review by hindsight."[30] Given what he had before him, the trial judge did not abuse his discretion in denying appellant's Rule 403 claim when he did.[31] But the ruling was not definitive; there was time to change it if it deserved to be changed. "[W]here the judge has denied a defendant's prayer for relief during an earlier stage of a trial, and where the circumstances have changed as the case has progressed, a defendant must renew his request on the basis of the changed circumstances in order to preserve for appeal any contention based on the record as modified."[32] Material new facts bearing on the correctness of the judge's ruling came to light when Holt later testified and disclosed that appellant

was intoxicated and under arrest. Yet appellant did not renew his objection when Holt so testified. Consequently, appellant's Rule 403 contention, anchored as it is in Holt's actual testimony, is forfeited even if it has not been abandoned. Like appellant's hearsay claim, his Rule 403 claim requires him to establish plain error.

"The defendant's burden in plain error cases is, and should be, a formidable one; we will reverse a conviction for error not complained of below only in an extreme situation in which the defendant's substantial rights were so clearly prejudiced that the very fairness and integrity of the trial was jeopardized."[33] Under the established four-part test for plain error, an appellant must demonstrate not merely that there was an error, but also that the error was "clear" or "obvious"—"so egregious and obvious as to make the trial judge and prosecutor derelict in permitting it, despite the defendant's failure to object."[34] In addition, the appellant must demonstrate that the error affected his substantial rights by showing a reasonable probability that it had a prejudicial effect on the outcome of his trial.[35] Lastly, even

**30.** *Old Chief,* 519 U.S. at 182 n. 6, 117 S.Ct. 644.

**31.** Had the issue been put squarely before the judge whether appellant's silence qualified under the hearsay exception for tacit or adoptive admissions, our cases hold that the government would have been obliged to secure an affirmative ruling before proceeding to introduce the evidence. *See Holmes,* 580 A.2d at 1264 n. 8. With respect to a Rule 403 objection, however, the burden of persuasion was on the movant, *i.e.,* appellant.

**32.** *Medrano–Quiroz v. United States,* 705 A.2d 642, 648 (D.C.1997); *see also United States v. McVeigh,* 153 F.3d 1166, 1200 (10th Cir.1998) ("A motion *in limine* will not preserve an objection if it is not renewed at the time the evidence is introduced unless the issue (1) is fairly presented to the district court, (2) is the type of issue that can be finally decided in a pretrial hearing, and (3) is ruled upon without equivocation by the trial judge.... Most ob-

jections will prove to be dependent on trial context and will be determined to be waived if not renewed at trial.") (internal quotation marks and citation omitted); Fed.R.Evid. 103 advisory committee's note to 2000 amendment ("If the relevant facts and circumstances change materially after the advance ruling has been made, those facts and circumstances cannot be relied upon on appeal unless they have been brought to the attention of the trial court by way of a renewed, and timely, objection, offer of proof, or motion to strike."); *see generally* 1 McCormick on Evidence § 52.

**33.** *Hunter,* 606 A.2d at 144.

**34.** *Thomas,* 914 A.2d at 20 (quoting, *inter alia, United States v. Gore,* 154 F.3d 34, 43 (2d Cir.1998)).

**35.** *Id.* at 21 (citing *United States v. Dominguez Benitez,* 542 U.S. 74, 81–82, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004)).

if the appellant succeeds in those demonstrations, he also must show that the error seriously affected the fairness, integrity or public reputation of the judicial proceeding.[36] Our cases frequently "have phrased the test as 'manifest injustice,' or a showing that the error 'resulted in a clear miscarriage of justice.' "[37]

■ Appellant has not attempted the "formidable" task of showing plain error, and we do not find it on the present record. We assume *arguendo* it would have behooved the judge to exclude the evidence of appellant's silence had appellant made a proper and timely hearsay or Rule 403 objection to it. Certainly, given all the surrounding circumstances, including but not limited to appellant's intoxicated state, the probative value of that evidence was questionable. We must focus, though, on the other requirements of plain error. To begin with, we doubt that any error in admitting the evidence was "plain." So far as the Rule 403 claim is concerned, it is not obvious that the danger of unfair prejudice *substantially* outweighed the probative value of appellant's silence. Holt did not exaggerate the probative value of that silence; the jury heard that appellant was in police custody (which might have led him to refrain from saying anything, lest it somehow be used against him, even if he was innocent) and was so intoxicated he might have been unable to respond to Holt. Moreover, as Holt's open-ended question—How did the gun get in the car?—was not explicitly accusatory, the jury might have perceived that appellant had no need to assert his innocence in response and that his silence did not necessarily admit anything. As to the hearsay claim, the government argues that since Holt's open-ended question was not an assertion of fact, appellant's failure to profess his innocence did not have to satisfy the requirements of the hearsay exception for tacit or adoptive admissions. This argument may press too far: Holt's repeated questioning of appellant might be thought to have contained an implicit assertion that appellant brought the gun into the car; and even if not, the demanding standard of admissibility for tacit admissions arguably still should apply, inasmuch as the problem of finding meaning in ambiguous silence would seem to be the same. But just as we left this issue open in *Robinson*,[38] we need not decide it now. At a minimum, given the uncertainties, any error in overlooking the test for using appellant's silence as an admission is not plain enough for plain error purposes.

Furthermore, the third and fourth requirements of plain error are not met either. The prosecutor's touting of appellant's silence as "the most crucial piece of evidence" against him was hyperbole. This was a one-sided prosecution case— the defense presented no testimony—and the evidence against appellant was strong. Appellant was incriminated by the unexplained presence of the gun directly beneath his sweatshirt and the bullet enfolded within it. He was the only person sitting in the back seat when the car was stopped, and Holt testified he was the only person who had been there all night. Although the defense sought to impeach Holt with his prior statement to appellant's counsel that he gave a ride to some other people earlier that night, Holt explained that he had called counsel back

---

**36.** *Id.* at 22 (citing *Johnson v. United States,* 520 U.S. 461, 469–70, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)).

**37.** *Baker v. United States,* 867 A.2d 988, 1003 n. 14 (D.C.2005) (citations omitted).

**38.** *Robinson v. United States,* 606 A.2d 1368, 1371 n. 5 (D.C.1992) (declining to reach the government's contention that adoptive statements in question were not assertions of fact).

before trial to retract that statement as a mistake on his part. This explanation was not discredited. In any event, there was no evidence, and it is improbable to suppose, that some unidentified person abandoned or forgot his gun and left it lying on the seat, and that appellant did not know the weapon was there when he covered it with his sweatshirt. Tellingly, the defense hypothesis that someone else could have left the gun there fails to account for the bullet caught in the sweatshirt's folds. (Appellant refrained from suggesting that the gun could have belonged to either of the two friends who were with him in the car at the time of his arrest.) In view of these facts, we do not find it reasonably probable that the jury would have acquitted appellant but for the evidence of his failure to answer Holt's question, or that the introduction of that evidence led to a miscarriage of justice or otherwise seriously affected the fairness, integrity or public reputation of the trial.

Appellant's convictions must be affirmed.

*So ordered.*