# District of Columbia
# Court of Appeals



**No. 15-CF-263**

DANIEL GRIFFIN,

         Appellant,

  v.               **CF2-20479-13**

UNITED STATES,

         Appellee.


On Appeal from the Superior Court of the District of Columbia
Criminal Division

BEFORE: FISHER and MCLEESE, *Associate Judges*; and STEADMAN, *Senior Judge*.

## J U D G M E N T

This case was submitted to the court on the transcript of record and the briefs filed, and without presentation of oral argument. On consideration whereof, and for the reasons set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the judgment on appeal is affirmed.


        For the Court:

        JULIO A. CASTILLO
        Clerk of the Court


Dated: August 4, 2016.

Opinion by Associate Judge John R. Fisher.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-CF-263

DANIEL GRIFFIN, APPELLANT,

FILED 8/4/16
District of Columbia
Court of Appeals

*Julio Castillo*
Julio Castillo
Clerk of Court

v.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CF2-20479-13)

(Hon. John McCabe, Trial Judge)

(Submitted June 17, 2016                    Decided August 4, 2016)

*Enid Hinkes* was on the brief for appellant.

*Channing D. Phillips*, United States Attorney, and *Elizabeth Trosman*, *Lindsey Merikas*, *Alicia Long*, and *Danielle M. Kudla*, Assistant United States Attorneys, were on the brief for appellee.

Before FISHER and MCLEESE, *Associate Judges*, and STEADMAN, *Senior Judge*.

FISHER, *Associate Judge*: Appellant Daniel Griffin challenges his convictions, arguing that the trial court committed reversible error by omitting part of the first paragraph of this jurisdiction's standard jury instruction defining reasonable doubt. Finding no plain error, we affirm.

# I.    Background

Appellant was charged with unlawful possession of a firearm, possession of an unregistered firearm, and unlawful possession of ammunition.  On the afternoon before the jury was to be instructed, the court sent its proposed jury instructions to counsel by email.  Later that evening, defense counsel replied:  "I believe the instructions are fine[.]"  The next day, the judge read the following instruction to the jury:

> Reasonable doubt, as the name implies, is a doubt based on reason, a doubt for which you have a reason based upon the evidence or lack of evidence in the case.  If after careful, honest and impartial consideration of all the evidence you cannot say that you are firmly convinced of a defendant's guilt, then you have a reasonable doubt.

> Reasonable doubt is the kind of doubt that would cause a reasonable person after careful and thoughtful reflection to hesitate to act in the graver or more important matters in life.  However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork.  It is a doubt based on reason.  The government is not required to prove guilt beyond all doubt or to a mathematical or scientific certainty.  Its burden is to prove guilt beyond a reasonable doubt.

When reading this instruction, the judge omitted the entire first paragraph of the reasonable doubt instruction we adopted in *Smith v. United States*, 709 A.2d 78, 82 (D.C. 1998) (en banc):[1]

> The government has the burden of proving the defendant guilty beyond a reasonable doubt.[2]  In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable.  In criminal cases such as this one, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.

Appellant's counsel did not object to the instruction as given.  The jury convicted appellant on all three counts.

---

[1] *See also* Criminal Jury Instructions for the District of Columbia, No. 2.108 (5th ed. rev. 2015) (the "Red Book").  The *Smith* instruction is divided into three paragraphs.  The Red Book version of the instruction contains only two—it combines the first two *Smith* paragraphs into one.  We refer to both formulations in this opinion.

[2] The first sentence of the omitted paragraph was included in the written version of the jury instructions that the judge emailed to counsel, but omitted from the oral instruction given.  Before deliberations began, the jury was given a copy of the written instructions containing the first sentence, but not the comparison between the civil and criminal burdens of proof.  The record does not indicate whether the first sentence was intentionally omitted from the oral instruction.

## II.    Analysis

It is well settled that "[t]he prosecution bears the burden of proving all elements of the offense charged, and must persuade the factfinder 'beyond a reasonable doubt' of the facts necessary to establish each of those elements." *Sullivan v. Louisiana*, 508 U.S. 275, 277-78 (1993) (internal citations omitted). "[T]aken as a whole, the instructions must correctly convey the concept of reasonable doubt to the jury." *Victor v. Nebraska*, 511 U.S. 1, 5 (1994) (brackets and citation omitted).

Under the harmless-error standard applicable to claims of error that were preserved by proper objection at trial, a constitutionally deficient reasonable-doubt instruction automatically requires reversal. *See Sullivan*, 508 U.S. at 278-82; *see also* Super. Ct. Crim. R. 52. For if "the instructional error consists of a misdescription of the burden of proof," *Sullivan*, 508 U.S. at 281, the jury's verdict is not based on a finding of guilt beyond a reasonable doubt, and thus, "there has been no jury verdict within the meaning of the Sixth Amendment," *id.* at 280. Such an error is structural, meaning that it is a "defect[] [that] affect[s] the

framework within which the trial proceeds." *Kidd v. United States*, 940 A.2d 118, 125 (D.C. 2007) (internal quotation marks omitted).

However, if the issue has not been preserved for review because there was no timely objection below, plain error review applies. *Johnson v. United States*, 520 U.S. 461, 465-66 (1997). This is true even for structural errors because "the seriousness of the error claimed does not remove consideration of it from the ambit of the" rules of criminal procedure that require contemporaneous objection to preserve an error for review. *Id.* at 466; *see also In re Taylor*, 73 A.3d 85, 95-106 (D.C. 2013) (plain error review of structural error); *Williams v. United States*, 51 A.3d 1273, 1282-85 (D.C. 2012) (plain error review of structural error); *State v. Cruz*, 122 P.3d 543, 549-51 (Utah 2005) ("Cruz never objected to the substance of the [reasonable doubt] jury instructions . . . . In *Johnson*[], the United States Supreme Court held that, where the defendant failed to properly object at trial, rule 52(b) of the Federal Rules of Criminal Procedure mandated plain error review, . . . even if the trial court's error was structural in nature.").[3]

---

[3] Not every error in a reasonable doubt instruction is a structural error. There may be instructional errors that, when preserved, are subject to harmless error review because they do not misdescribe the burden of proof. *See, e.g.*, *Blaine v. United States*, 18 A.3d 766, 774-76, 781-83 (D.C. 2011).

In this case, appellant's counsel did not object to the altered instruction, despite multiple opportunities to do so—when the judge emailed his proposed instructions to counsel, when counsel and the court discussed the instructions the next day, and after the instruction was read to the jury at trial. "As a result, our review is for plain error." *Payne v. United States*, 932 A.2d 1095, 1101 n.3 (D.C. 2007) (rejecting challenge to reasonable doubt instruction on plain error review). "[A]ppellant bears the burden of persuasion on each of the four prongs of the plain error standard[,]" *Lowery v. United States*, 3 A.3d 1169, 1173 (D.C. 2010), and that burden "is, and should be, a formidable one," *Comford v. United States*, 947 A.2d 1181, 1189 (D.C. 2008).

Under the four-pronged plain error standard, appellant must establish first that the court erred and, second, that the error was "obvious or readily apparent, and clear under current law." *Payne*, 932 A.2d at 1101 n.3 (citation omitted). Third, appellant must show that the error "affected [his] substantial rights." *Brown v. United States*, 881 A.2d 586, 596 (D.C. 2005). Finally, if appellant satisfies the first three prongs of this test, he "must then show either a 'miscarriage of justice,' that is, actual innocence; or that the trial court's error 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" *Beaner v. United States*, 845 A.2d 525, 539 (D.C. 2004) (alteration in original) (internal quotation

marks omitted). Only if all four prongs are met will we reverse appellant's conviction. *See Payne*, 932 A.2d at 1101-02 & n.3.

In *Smith*, this court sitting en banc formulated a new reasonable doubt instruction and, "in the strongest terms," advised trial courts against altering the instruction in any way:

> Given the great risks to the integrity of the trial which attend a deficient reasonable doubt instruction, the uncertainties and controversies generated by varying definitions, and the importance of fairness and the appearance of fairness in our justice system, the greater part of wisdom would dictate that the trial court give the standard instruction approved here, which has been determined to be faithful to the constitutional meaning of reasonable doubt. Therefore, we state, in the strongest terms, that the trial court should resist the temptation to stray from, or embellish upon, that instruction.

709 A.2d at 82-83 (internal quotation marks omitted).

As the government concedes, by excising the first paragraph of the instruction, in clear disregard of our admonition in *Smith*, the judge committed an error that was "obvious [and] readily apparent, and clear under current law."

*Payne*, 932 A.2d at 1101 n.3 (citation omitted). Thus, appellant has satisfied the first and second prongs of plain error review.

Nevertheless, "we have never said . . . that a failure to use *Smith*'s language automatically violates due process." *Blaine v. United States*, 18 A.3d 766, 781 n.65 (D.C. 2011). Rather, "our en banc rule making the *Smith* instruction mandatory reflects an effort to avoid constitutional error, not to create such error *per se* upon violation." *Id.* We therefore must determine whether the error affected appellant's substantial rights. *Brown*, 881 A.2d at 596.

In two previous cases, we reviewed for plain error after a trial court deviated from the *Smith* instruction; in each case we affirmed the conviction. In *Brown*, the trial court used the standard instruction that predated *Smith*.[4] 881 A.2d at 592 nn.9 & 10. Nevertheless, we affirmed Brown's conviction. *Id.* at 598. "Although the trial court's failure to read the *Smith* reasonable doubt instruction was erroneous, we d[id] not conclude that the reasonable doubt instruction given by the trial court was constitutionally deficient[,]" and we were "unconvinced" that it,

---

[4] That instruction did not contrast the burdens of proof in civil and criminal cases. *Compare Brown*, 881 A.2d at 592 n.9, *with id.* at 592 n.10. However, Brown did not claim that this omission was error. *See id.* at 595-97.

combined with the other instruction he challenged, "prejudiced Brown in any way." *Id.* at 596-97.

In *Payne*, the appellant argued his conviction should be reversed because the trial court changed the last two sentences of the Red Book instruction to, among other alterations, break up the second-to-last sentence and insert three new sentences:

> The government never has to prove guilt beyond all doubt. *That's impossible. They [the government] do not have to prove guilty beyond a shadow of a doubt. There's no such thing.* They do not have to prove guilt to a mathematical certainty and they do not have to prove guilt to a scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

932 A.2d at 1102 & n.6. We affirmed because we saw "no way in which this language conveyed a faulty legal principle, prejudiced Payne, or improperly bolstered the government's case." *Id.* at 1102. *But see Blaine*, 18 A.3d at 769-71, 778-79 (reversing because use of modified *Payne* paragraph to reinstruct jury "appeared to lighten the government's burden of persuasion").

Mr. Griffin contends that the instruction given in this case, omitting the comparison between the civil and criminal burdens of proof, is constitutionally deficient, mandating reversal. We disagree and hold that it did not affect appellant's substantial rights.

When reviewing a challenge to an instruction on reasonable doubt, we have recognized that "an omission or an incomplete instruction is less likely to be prejudicial than a misstatement of the law." *Butler v. United States*, 646 A.2d 331, 337-38 (D.C. 1994) (alteration and citation omitted). When read together, the instructions given in this case correctly convey the concept of reasonable doubt; they do not inaccurately describe that concept or lessen the government's burden. *See Victor*, 511 U.S at 5; *see also Sullivan*, 508 U.S. at 278-82. Therefore, the erroneous instruction in this case did not amount to a structural error that would automatically satisfy the third prong of plain error review. *Cf. Taylor*, 73 A.3d at 99-100 (deeming appellant's substantial rights affected "[b]ecause structural errors are . . . intrinsically harmful" (internal quotation marks omitted)). However, our analysis does not stop there; we must still analyze the error under the third prong. *See Brown*, 881 A.2d at 596-97.

The court here instructed the jury that the government had the burden to prove that appellant was "guilty beyond a reasonable doubt" of each element of every charged offense, and that "if you [the jury] find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find the defendant not guilty of that offense." The court then read the remainder of the Red Book instruction. Nothing in the reasonable doubt instruction was erroneous or misleading.

Focusing on the missing first paragraph from *Smith*, we begin by addressing the first sentence, which was included in the written jury instructions but seemingly passed over when delivered orally: "The government has the burden of proving the defendant guilty beyond a reasonable doubt." *Smith*, 709 A.2d at 82. This sentence undoubtedly explains a bedrock principle. However, "examin[ing] the trial as a whole," *Brown*, 881 A.2d at 596, appellant's substantial rights were not affected by the omission. In its opening instructions, the court told the jury, "The burden is on the government to prove guilt beyond a reasonable doubt . . . ." The court reiterated the government's burden numerous times throughout the closing instructions, and both parties acknowledged the government's burden in their closing arguments. Moreover, the jury was given a copy of the written instructions before beginning deliberations. In light of the many repetitions of the

government's burden, we hold that omitting the first sentence from the oral instruction did not affect appellant's substantial rights.

We next weigh appellant's contention that excising the three sentences which describe the civil and criminal burdens of proof was a constitutional violation. We have explicitly held that the pre-*Smith* instruction, which did not contain the burden-of-proof comparison, "is not[,] by itself[,] constitutionally deficient." *Brown*, 881 A.2d at 596. In addition, the parties' briefs and our own research show that the vast majority of state and federal jurisdictions either do not define "reasonable doubt" at all or do not do so by comparing the civil and criminal burdens of proof in their pattern instruction on reasonable doubt. Thus, we cannot say that omitting the comparison affected appellant's substantial rights. Therefore, appellant has not carried his burden to establish that plain error requiring reversal occurred.[5]

---

[5] Appellant also asserts that the trial court erred by "fail[ing] to give the proper cautionary instruction when [Officer] Khan was impeached [by the defense] with his prior testimony under oath." Assuming, without deciding, that appellant sufficiently briefed this argument, *but see Stone v. Alexander*, 6 A.3d 847, 849 n.4 (D.C. 2010), there was no request for, or objection to the lack of, a cautionary instruction, so we again review for plain error. *Cf. Gilliam v. United States*, 707 A.2d 784, 785 (D.C. 1998) (en banc) ("[I]n any case—without exception—in which evidence has been properly admitted for a specific purpose and the defense has not requested an instruction limiting jury consideration of it to that use, the trial court's failure to instruct in that manner on its own initiative is reviewable only for

(continued…)

### III. Conclusion

We continue to discourage, "in the strongest terms," any deviation from the instruction prescribed in *Smith*. 709 A.2d at 83. Nevertheless, appellant did not object to the instruction given. Under review for plain error, appellant's convictions are

*Affirmed.*

---

(…continued)
plain error."). Appellant has failed to establish that he was prejudiced by the lack of a cautionary instruction, especially considering that he acknowledged that the prior testimony was given under oath and was admissible not only to impeach but also as substantive evidence. *See* D.C. Code § 14-102 (b) (2016 Supp.); *Bell v. United States*, 790 A.2d 523, 528-29 & n.3 (D.C. 2002).