*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 23-CV-0976

ASEGEDECH KELECHA, APPELLANT,

V.

SARA MENGHESHA, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(2020-CA-002446-B)

(Hon. Danya A. Dayson, Trial Judge)

(Argued March 6, 2025                         Decided April 10, 2025)

*Richard E. Schimel* for appellant.

*Marc Borbely* for appellee.

Before EASTERLY, MCLEESE, and DEAHL, *Associate Judges*.

EASTERLY, *Associate Judge*: Starting in 2019, Asegedech Kelecha rented a room in a house she owned to Sara Menghesha. On May 1, 2020, Ms. Kelecha changed the locks on the property without providing Ms. Menghesha a key, leaving Ms. Menghesha homeless for multiple days during the COVID-19 pandemic. Ms. Menghesha sued Ms. Kelecha for unlawful eviction (and another claim that she dropped, so we do not discuss it), and, after obtaining injunctive relief restoring her

access to the property, she prevailed on her partial motion for summary judgment on liability for unlawful eviction. At a subsequent jury trial on damages for unlawful eviction, Ms. Menghesha received an award of $7,500 in compensatory damages and $75,000 in punitive damages.

Two days after the trial ended, one of the jurors (juror #12) sent an email that read:

> I did not agree on any of the decisions that [were] presented to me during the deliberations on the Civil Case trial that I had served on as a Juror on December 12, 2022. My recollection from your "Instructions" is that as Jurors we were suppose[d] to agree on all terms unanimously.

As soon as Ms. Kelecha learned of the email, she filed a motion for a new trial. The Superior Court initially ordered an evidentiary hearing to examine the author of the email, but, after concluding that any such inquiry would impermissibly intrude into the jury's deliberative process, the court granted Ms. Menghesha's motion for reconsideration and denied Ms. Kelecha's motion for a new trial.

On appeal to this court, Ms. Kelecha challenges the Superior Court's refusal to hold a hearing before denying her new trial motion and argues that the punitive damages award was both unsupported by clear and convincing evidence of malice and unconstitutionally excessive. We affirm.

## I.     The Superior Court's Denial of Ms. Kelecha's Motion for a New Trial Without an Evidentiary Hearing

Our court generally does not permit jurors to impeach their own verdicts, following Federal Rule of Evidence 606(b).  *See Fortune v. United States*, 65 A.3d 75, 82 (D.C. 2013); *accord Kittle v. United States*, 65 A.3d 1144, 1149 (D.C. 2013); *see also Sellars v. United States*, 401 A.2d 974, 981 (D.C. 1979) (explaining that a jury verdict may not be impeached by testimony concerning "matters which essentially inhere in the verdict itself" (quoting *Hyde v. United States*, 225 U.S. 347, 384 (1912))).[1]  Rule 606(b)(1) prohibits a juror from testifying "[d]uring an inquiry into the validity of a verdict . . . about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict."  Rule 606(b)(2) sets forth exceptions to this general prohibition on allowing jurors to impeach their own verdicts.  We review de novo "whether the juror's testimony regarding statements made by . . . jurors during deliberations is precluded by the no-impeachment rule" or falls within a Rule 606(b)(2) exception.  *Kittle*, 65 A.3d at 1148.  We "review the trial judge's decision to deny appellant's motion for a mistrial

---

[1] In *Fortune*, we acknowledged that the "inhere in the verdict" language lacked clarity and thus adopted Rule 606(b) as the law in our jurisdiction, explaining that Rule 606(b) reflected the same "basic principle" that our court already followed. 65 A.3d at 82.

without conducting an evidentiary hearing for abuse of discretion." *Id.*

Before the Superior Court, both parties and the court were focused on whether any inquiry into the juror's post-verdict email fell under the exception set forth in Rule 606(b)(2)(C) for testimony that "a mistake was made in entering the verdict on the verdict form" (which they characterized as an exception for "clerical errors"). Now on appeal, Ms. Kelecha makes a different argument: the court never should have considered the applicability of any exception under Rule 606(b)(2) because any inquiry into the juror's email did not fall under the general no-impeachment rule in Rule 606(b)(1) to begin with.

Even if this argument were not forfeited, it would be incorrect on the merits. No one contests that any testimony sought from the juror would concern how the juror voted.[2] The plain language of Rule 606(b)(1) clearly applies to voting, which constitutes a "statement made or incident that occurred during the jury's deliberations" if not a "juror's mental processes concerning the verdict." Fed. R. Evid. 606(b)(1). If this plain language were not clear enough, the notes of the Advisory Committee for Rule 606 explain that "the central focus has been upon insulation of the manner in which the jury reached its verdict, and this protection

---

[2] In fact, when the Superior Court asked Ms. Kelecha what questions she would ask the juror, all of her proposed questions centered around voting: whether the jurors voted and how they expressed their votes.

extends to each of the components of deliberation, including . . . votes." Fed. R. Evid. 606(b) advisory committee's note; *see also United States v. Ortiz*, 942 F.2d 903, 913 (5th Cir. 1991) (concluding that Rule 606(b)(1) applies to how jurors voted). Our pre-Rule 606 cases likewise reflect this understanding. *See, e.g.*, *Sellars*, 401 A.2d at 982 (explaining that the no-impeachment rule applies to testimony that the jurors "had agreed to a compromise verdict"; "had bargained to acquit some defendants in order to reach unanimity in convicting others"; or "had agreed to abide by majority vote"). Accordingly, we reject Ms. Kelecha's argument that Rule 606(b)(1) does not apply.[3]

Because Rule 606(b)(1) applies and Ms. Kelecha concedes that she has made no argument on appeal that any exception in Rule 606(b)(2) applies, we must conclude that it would have been impermissible for the Superior Court to allow the emailing juror to testify, or to use that testimony as a basis for a new trial. *See* Fed.

---

[3] Ms. Kelecha also appears to suggest that no final verdict was ever rendered in this case because neither party ever requested polling of the jury, and that the rule against impeachment therefore does not apply. But we reject the proposition (unsupported by the caselaw Ms. Kelecha cites) that the parties' affirmative decision not to request polling renders the verdict perpetually non-final and vulnerable to impeachment by any means. *See Boykins v. United States*, 702 A.2d 1242, 1247, 1249 (D.C. 1997) (explaining that "[a] verdict becomes immutable by the jury once announced in open court, or when it has been confirmed by a poll, *if ordered*" and again that "a verdict is final once announced in open court and confirmed by poll, *when requested*" (emphasis added) (first quoting *United States v. Dakins*, 872 F.2d 1061, 1065 (D.C. Cir. 1989))).

R. Evid. 606(b)(1) ("The court may not receive a juror's affidavit or evidence of a juror's statement on these matters."). The Superior Court therefore did not abuse its discretion in denying Ms. Kelecha's motion for a new trial without holding an evidentiary hearing. *See, e.g.*, *Kittle*, 65 A.3d at 1156 (explaining that "a judge surely does not abuse her discretion by refusing to hold an evidentiary hearing on . . . allegations which, even if true, would not warrant interference with the jury's verdict" (alteration in original) (quoting *Wilson v. United States*, 663 A.2d 558, 562 (D.C. 1995))); *Traver v. Meshriy*, 627 F.2d 934, 941 (9th Cir. 1980) (concluding that the defense's argument that the district court abused its discretion in denying a hearing to hear testimony that the jury verdict was not unanimous was "meritless" because "the court would have erred had it permitted inquiry into the jurors' deliberations and decision, by affidavits or otherwise").

## II.    The Jury's Punitive Damages Award

Ms. Kelecha makes two other arguments on appeal regarding the jury's punitive damages award, which we decline to reach.

First, Ms. Kelecha argues that there was insufficient evidence for the jury to find by clear and convincing evidence that her conduct was "malicious, wanton, reckless, or in willful disregard for another's rights," as would be required to award punitive damages. But Ms. Kelecha has forfeited this argument because she failed

to raise it in the Superior Court in a motion for judgment as a matter of law, either before or after the case was submitted to the jury. *See* Super. Ct. Civ. R. 50(a)(2), (b); *Molovinsky v. Fair Emp. Council of Greater Washington, Inc.*, 683 A.2d 142, 147 (D.C. 1996) ("The failure to make a Rule 50 motion 'precludes a party from questioning on appeal the sufficiency of the evidence.'" (quoting *Howard Univ. v. Best*, 547 A.2d 144, 147 (D.C. 1988))).

Second, Ms. Kelecha argues that the jury's punitive damages award was unconstitutionally excessive, but she acknowledges that this argument also was "not made in the trial court." "This court will not review a verdict for inadequate or excessive damages unless such arguments were made to the trial court in post-trial motions." *Oliver v. Mustafa*, 929 A.2d 873, 879 (D.C. 2007). Ms. Kelecha provides no reason for us to depart from that rule here, other than conclusorily asserting that this is the exceptional case where we can excuse a lack of preservation. *See Comford v. United States*, 947 A.2d 1181, 1188 (D.C. 2008) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (alteration in original) (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990))).

## III.   Conclusion

For the foregoing reasons, we affirm.

*So ordered.*